## PEOPLE v LUCAS

Docket No. 86789. Submitted February 11, 1987, at Detroit. Decided April 23, 1987. Leave to appeal applied for.

Nolan K. Lucas was convicted of third-degree criminal sexual conduct, Wayne Circuit Court, Charles S. Farmer, J. At trial, defendant sought to introduce evidence of prior sexual activity between himself and the complainant. The court denied defendant's request on the ground that defendant did not comply with the notice requirement of the rape shield law. Defendant appealed.

The Court of Appeals *held:*

The notice provision and hearing requirement of the rape shield law are unconstitutional when applied to preclude evidence of specific instances of sexual conduct between a complainant and a defendant. The court clearly erred in excluding the evidence on that basis.

Reversed and remanded.

1. RAPE — EVIDENCE — PRIOR SEXUAL CONDUCT — IN CAMERA HEARING.

The in camera hearing relating to testimony concerning prior sexual acts between a defendant and a complaining witness required by the criminal sexual conduct statute lacks constitutional validity because it would necessarily require that the trial court, in its determination of whether such evidence should be admitted, take from the factfinder the question of the relative credibility of the defendant and the complaining witness (MCL 750.520j; MSA 28.788[10]).

REFERENCES

Am Jur 2d, Rape §§ 67, 70, 82-86.

Am Jur 2d, Witnesses § 556.

Admissibility in rape case, under Rule 412 of Federal Rules of Evidence, of evidence of victim's past sexual behavior. 65 ALR Fed 519.

Constitutionality of "rape shield" statute restricting use of evidence of victim's sexual experiences. 1 ALR4th 283.

Modern status of admissibility, in forcible rape prosecution, of complainant's prior sexual acts. 94 ALR3d 257.

Propriety of cross-examining witness as .to illicit relations with defendant in criminal case. 25 ALR3d 537.

2. RAPE — EVIDENCE — PRIOR SEXUAL CONDUCT — NOTICE.
  The failure of a defendant in a criminal sexual conduct trial to
    comply with the ten-day notice requirement in the criminal
    sexual conduct statute relative to the admission of testimony
    concerning prior sexual acts between a defendant and a com-
    plaining witness does not affect the right of the defendant to
    present such evidence, since the logical underpinnings of such a
    notice requirement do not exist in such a situation, the ques-
    tion necessarily being personal between the defendant and the
    complaining witness (MCL 750.520j; MSA 28.788[10]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jan J. Raven,* Assistant Prosecuting Attorney, for the people.

*Mark H. Magidson,* for defendant on appeal.

Before: SHEPHERD, P.J., and GRIBBS and R. R. LAMB,* JJ.

PER CURIAM. In a bench trial, defendant was found guilty of two counts of criminal sexual conduct in the third degree, MCL 750.520d; MSA 28.788(4). On July 2, 1985, defendant was sentenced to a prison term of from 44 to 180 months. Defendant appeals by right, raising three issues, one of which requires reversal.

Defendant's defense at trial was consent. As of August 31, 1984, defendant and complainant had been boyfriend and girlfriend for approximately six to seven months. Complainant testified that they broke up two weeks before that date. On August 31, 1984, complainant stated that defendant, at knifepoint, forced her to his apartment. Complainant testified that she was physically beaten and forced to perform fellatio and have

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sexual intercourse and later that night defendant again forced her to have sexual intercourse with him. Complainant, however, did not leave defendant's home until 10:00 or 10:30 P.M. on September 1, 1984. It was defendant's position at trial that he and complainant had voluntary consensual sex three or four times and that he did not use a knife or other force.

At the start of trial, defendant moved for the introduction of evidence of the prior sexual relationship between defendant and complainant. Based solely upon the failure of defendant to comply with the notice provision of subsection 2 of the rape shield statute, MCL 750.520j; MSA 28.788(10), the trial court, without holding an in camera hearing to determine the admissibility of the proposed evidence, denied defendant's motion. This was clear legal error.

In *People v Williams,* 95 Mich App 1, 9-11; 289 NW2d 863 (1980), rev'd on other grounds, 416 Mich 25 (1982), this Court found the ten-day notice provision and any hearing requirement unconstitutional when applied to preclude evidence of specific instances of sexual conduct between a complainant and a defendant. The Court explained:

> The object behind imposition of a notice requirement is to allow the prosecution to investigate the validity of a defendant's claim so as to better prepare to combat it at trial. This rationale is sound when applied to notices of alibi and insanity defenses. It loses its logical underpinnings however when applied to the instant situation. As stated, the very nature of the evidence sought to be presented, *i.e.,* prior instances of sexual conduct between a complainant and a codefendant, is personal between the parties. As such, it does not involve a subject matter that requires further witnesses to develop. An *in camera* hearing will

necessarily focus on a complainant's word against the word of a codefendant. Requiring notice in this situation, then, would serve no useful purpose. There would be no witnesses to investigate and, thus, no necessity for preparation time. In view of the foregoing, we find that the trial court's denial of codefendant Williams' proffered evidence represents a consideration of form over substance. The evidence should have been admitted despite noncompliance with the notice provision. This ten-day notice provision loses its constitutional validity when applied to preclude evidence of previous relations between a complainant and a defendant. [95 Mich App 10-11.]

As noted by the Supreme Court in reversing the Court of Appeals, defendants in *Williams* sought to introduce evidence of prior sexual conduct between defendant Williams and the complainant on the premise that such evidence would be probative to the claim of all four defendants that complainant consented to have group sexual relations with defendant Williams and his three codefendants, one after the other. *Williams,* 416 Mich 36-37. The Supreme Court found this premise untenable. 416 Mich 37. Thus, any evidence of prior sexual conduct by complainant with Williams was properly excluded as it bore no logical relevance as substantive evidence to the *Williams* defendants' defense of consent to group sex. 416 Mich 38.

The instant case was not one where the defendant sought to introduce the fact of prior sexual conduct between complainant and defendant as substantive evidence that complainant would consent to any type of group sexual encounter. Here, defendant and complainant had a relationship over a considerable period of time in which they saw each other practically every day. The evidence supported the inference that only shortly before the incident in question had their relationship

experienced difficulties or ended. Consequently, the issue of consent has considerably more probative validity here than in *Williams.* We conclude that this Court's holding in *Williams* remains valid under the circumstances of this case.

As was explained in *People v Perkins,* 424 Mich 302, 307-308; 379 NW2d 390 (1986), while the interests sought to be protected by the rape shield statute are not involved where the proposed testimony relates to sexual activity between the complainant and the defendant, what is left are the usual evidentiary issues of the materiality of the evidence to the issues in the case and the balancing of its probative value with the danger of unfair prejudice. The trial court did not exclude the proposed testimony here on either of those grounds. Nor does the record itself allow us to say it would have been proper for the proposed testimony to be excluded on either of those grounds. Therefore, defendant's conviction must be reversed.

Reversed and remanded.