PEOPLE v LUCAS (ON REMAND)

Docket No. 142068. Submitted July 23, 1991, at Lansing. Decided March 16, 1992, at 9:25 A.M.

Nolan K. Lucas was convicted following a bench trial in the Wayne Circuit Court, Charles S. Farmer, J., of two counts of third-degree criminal sexual conduct. At trial, the defendant sought to introduce evidence of alleged prior sexual activity between himself and the complainant, but the court denied the request on the ground that the defendant did not comply with the notice requirement of the rape-shield statute. The defendant appealed, and the Court of Appeals, SHEPHERD, P.J., and GRIBBS and R.R. LAMB, JJ., reversed. 160 Mich App 692 (1987). The Michigan Supreme Court, in lieu of granting leave to appeal, remanded to the Court of Appeals for a determination whether the trial court's denial of the defendant's motion was harmless beyond a reasonable doubt. 433 Mich 878 (1989). On remand, the Court of Appeals, SHEPHERD, P.J., and GRIBBS and MAHER, JJ., reversed, finding that the exclusion of the evidence was not harmless beyond a reasonable doubt. Unpublished opinion per curiam of the Court of · Appeals (Docket No. 122171). The Michigan Supreme Court denied leave to appeal. 434 Mich 925 (1990). The United States Supreme Court granted certiorari, vacated the judgment of the Court of Appeals, and remanded to the Court of Appeals for consideration of whether the rape-shield statute authorizes preclusion of evidence and whether the preclusion in this case violated the defendant's Sixth Amendment rights. *Michigan v Lucas,* 500 US —; 111 S Ct 1743 (1991).

On remand, the Court of Appeals *held:*

The rape-shield statute, MCL 750.520j; MSA 28.788(10), authorizes preclusion of evidence, but preclusion is not always permissible. The determination whether application of the notice requirement of the statute violated a defendant's Sixth Amendment right of confrontation must be made case by case. The case must be remanded so that the trial court can hold a hearing to determine whether preclusion was appropriate. If the court finds the evidence to be admissible, a new trial must be granted, at which the court may limit the scope of cross-examination to prevent questions that would harass, annoy, or

humiliate the victim and to guard against vague and unfocused questioning. If the court determines that the evidence was properly excluded, it must state its findings in writing to the Court of Appeals within twenty-eight days of the hearing.

Remanded.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Don W. Atkins,* Principal Attorney, Appeals, for the people.

*Mark H. Magidson,* for the defendant on appeal.

ON REMAND

Before: SHEPHERD, P.J., and GRIBBS and DOCTOROFF, JJ.

GRIBBS, J. This case has been remanded for further proceedings by order of the United States Supreme Court. In 1985, defendant was convicted following a bench trial of two counts of third-degree criminal sexual conduct, MCL 750.520d; MSA 28.788(4), and sentenced within the guidelines to a term of 44 to 180 months. Defendant appealed as of right and his convictions were reversed by this Court. *People v Lucas,* 160 Mich App 692; 408 NW2d 431 (1987). In lieu of granting leave to appeal, our Supreme Court remanded this matter for our determination whether the trial court's denial of defendant's motion to introduce evidence regarding past sexual relations between him and the complainant was harmless beyond a reasonable doubt. 433 Mich 878 (1989). On remand, we reversed in an unpublished opinion per curiam, decided March 7, 1990 (Docket No. 122171), concluding that the exclusion of defendant's proposed

testimony was not harmless beyond a reasonable doubt. Application for leave to appeal to our Supreme Court was denied. 434 Mich 925 (1990). The United States Supreme Court granted certiorari, vacated our judgment, and remanded the matter for consideration whether the rape-shield statute authorizes preclusion of evidence and whether, in this case, preclusion violated defendant's Sixth Amendment rights. *Michigan v Lucas,* 500 US —; 111 S Ct 1743; 114 L Ed 2d 205 (1991). MCL 750.520j; MSA 28.788(10). We remand for further proceedings.

As we stated in our two previous opinions, defendant and complainant had a "boyfriend-girl friend" relationship over a considerable period of time during which they saw each other practically every day. They began to experience difficulties in their relationship shortly before the incident in question. Complainant testified that defendant used a knife to force her into his apartment, where he beat her and forced her to engage in several nonconsensual sexual acts. Defendant's defense was consent. However, at no time did defendant file a written motion and offer of proof as required by the rape-shield statute. MCL 750.520j; MSA 28.788(10). Instead, at the start of trial, defendant orally moved for the introduction of evidence of the prior sexual relationship. Solely on the basis of defendant's failure to comply with the notice provision of the rape-shield statute, and without holding an in camera hearing, the trial court denied defendant's motion. *Lucas,* 160 Mich App 693-694.

Upon review, this Court held that "the interests sought to be protected by the rape shield statute" were not involved in this case, "where the proposed testimony relates to sexual activity between

the complainant and the defendant." *Lucas,* 160 Mich App 696. Defendant filed an application for leave to appeal, and, in lieu of granting leave to appeal, our Supreme Court remanded the case "for determination of whether the trial court's denial of the defendant's motion to introduce evidence regarding past sexual relations between him and the complainant was harmless beyond a reasonable doubt." 433 Mich 878. Because virtually all the evidence in this case consisted of complainant's allegations against defendant, we concluded that exclusion of defendant's testimony was not harmless beyond a reasonable doubt. We now reconsider our previous decisions in light of the United States Supreme Court opinion in this matter.

First, we are to consider whether the rape-shield statute authorizes preclusion of evidence. We conclude that it does. *People v Hackett,* 421 Mich 338, 351; 365 NW2d 120 (1984); *People v Wilhelm (On Rehearing),* 190 Mich App 574; 476 NW2d 753 (1991). By enacting the rape-shield law, the Legislature recognized that in the vast majority of cases, evidence of a rape victim's prior sexual conduct with others and sexual reputation, when offered to prove that the conduct at issue was consensual or for general impeachment, is irrelevant and, therefore, inadmissible. *Hackett,* 421 Mich 347-348; *Wilhelm,* 190 Mich App 580. The law encourages the reporting of assaults by protecting the victims' sexual privacy and bars evidence that may prejudice and mislead the jury and is of only arguable probative worth. *Id.*

Although we hold that preclusion is permitted under the rape-shield statute, we recognize that it is not always permissible. See *Lucas,* 500 US —; 111 S Ct 1748; *Hackett,* 421 Mich 348-349. Accordingly, we are to consider whether, in this case,

preclusion of the evidence violated defendant's Sixth Amendment rights. It is clear from the United States Supreme Court decision in *Lucas,* 500 US —; 111 S Ct 1746, that a determination whether the notice requirement violated a defendant's right of confrontation must be made case by case. The United States Supreme Court noted that the statute protected the prosecution from surprise and allowed it to interview persons who knew the parties and otherwise investigate whether an alleged prior relationship actually existed. See *Wilhelm,* 190 Mich App 580, citing *Lucas, supra.* Although defendant persuasively contends that there was no surprise in this case, the trial court did not hold an in camera hearing as provided by the statute. MCL 750.520j(2); MSA 28.788(10)(2). We elect not to engage in a balancing process to determine whether preclusion of the evidence violated this defendant's Sixth Amendment rights when the trial court did not do so. We therefore remand to permit the trial court to exercise its discretion in this matter.

In considering whether preclusion was appropriate in this case, the trial court should keep in mind the legislative purpose behind the rape-shield law. As we noted in *Wilhelm, supra,* "[t]he allowance of such evidence in the past caused victims to refuse to report the crime or to testify for fear that the proceedings would veer from an impartial examination of the accused's conduct on the date in question and instead take on aspects of an inquisition during which the victim would be required to acknowledge and justify her past." *Wilhelm,* 190 Mich App 580-581. We believe the Legislature's choice of a ten-day notice period is a strong indication of its intent to protect the victim to the greatest degree possible from surprise, harassment, unnecessary invasions of privacy, and

undue delay. See also *People v LaLone,* 432 Mich 103, 125-126; 437 NW2d 611 (1989). Where, as here, a defendant does not comply with the statutory notice provision, the trial court should also consider the timing of the defendant's offer to produce evidence of this nature. The closer to the date of trial the evidence is offered, the more this factor suggests wilful misconduct designed to create a tactical advantage and weighs in favor of exclusion. On remand, the trial court should determine the admissibility of the evidence and, if necessary, limit the scope of cross-examination to prevent questions that would harass, annoy, or humiliate the victim and to guard against fishing expeditions. *People v Williams,* 191 Mich App 269, 273; 477 NW2d 877 (1991).

Remanded for an evidentiary hearing. In light of the United States Supreme Court opinion if, upon completion of the hearing, the trial court determines that evidence of a past sexual relationship should have been admitted in this case, the trial court shall grant defendant a new trial. If the trial court determines the evidence was properly excluded, it shall state its findings in writing and submit those findings to this Court within twenty-eight days of the hearing. We retain jurisdiction.

Remanded.