PEOPLE v LUCAS (AFTER REMAND)

Docket No. 142068. Submitted July 19, 1993, at Lansing. Decided
    October 4, 1993, at 9:55 A.M. Leave to appeal sought.

   Nolan K. Lucas was convicted following a bench trial in the
   Wayne Circuit Court, Charles S. Farmer, J., of two counts of
   third-degree criminal sexual conduct. At trial, the defendant
   sought to introduce evidence of alleged prior sexual activity
   between himself and the complainant, but the court denied the
   request on the ground that the defendant did not comply with
   the notice requirement of the rape-shield statute. MCL
   750.520j; MSA 28.788(10). The defendant appealed, and the
   Court of Appeals, SHEPHERD, P.J., and GRIBBS and R.R. LAMB,
   JJ., reversed. 160 Mich App 692 (1987). The Michigan Supreme
   Court, in lieu of granting leave to appeal, remanded to the
   Court of Appeals for a determination whether the trial court's
   denial of the defendant's motion was harmless beyond a reason-
   able doubt. 433 Mich 878 (1989). On remand, the Court of
   Appeals, SHEPHERD, P.J., and GRIBBS and MAHER, JJ., reversed,
   finding that the exclusion of the evidence was not harmless
   beyond a reasonable doubt. Unpublished opinion per curiam of
   the Court of Appeals, decided March 7, 1990 (Docket No.
   122171). The Michigan Supreme Court denied leave to appeal.
   434 Mich 925 (1990). The United States Supreme Court granted
   certiorari, vacated the judgment of the Court of Appeals, and
   remanded to the Court of Appeals for consideration of whether
   the rape-shield statute authorizes preclusion of evidence and
   whether the preclusion in this case violated the defendant's
   Sixth Amendment rights. *Michigan v Lucas*, 500 US —; 111 S
   Ct 1743 (1991). The Court of Appeals, SHEPHERD, P.J., and
   GRIBBS and DOCTOROFF, JJ., determined that the rape-shield
   statute authorizes preclusion of evidence of prior sexual activ-
   ity between a defendant and a complainant and that the
   determination whether application of the notice requirement of
   the rape-shield statute violated a defendant's Sixth Amend-
   ment right of confrontation must be made case by case. The
   Court of Appeals remanded the case to the trial court for an
   evidentiary hearing with regard to whether preclusion of evi-
   dence was appropriate in this case. On remand, the trial court,
   Edward M. Thomas, J., decided that it was.

   After remand, the Court of Appeals *held:*

The trial court correctly concluded at the evidentiary hearing that the evidence of a prior sexual relationship between the defendant and the complainant offered at trial was irrelevant and immaterial, that any error that might have resulted from the failure to admit the evidence was harmless, and that counsel's failure to give the notice required by statute was a tactical decision.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Don W. Atkins,* Principal Attorney, Appeals, for the people.

*Mark H. Magidson,* for the defendant on appeal.

AFTER REMAND

Before: DOCTOROFF, C.J., and GRIBBS and SHEPHERD, JJ.

GRIBBS, J. The underlying facts and procedural history of this case are set forth in our prior opinion. *People v Lucas (On Remand),* 193 Mich App 298; 484 NW2d 685 (1992). We have reviewed the findings and conclusions of the trial court and now affirm.

In our previous decision we concluded that the rape-shield statute, MCL 750.520j; MSA 28.788(10), authorizes preclusion of evidence of prior sexual activity between a defendant and a complainant. We also found that the decision whether the statutory notice requirement violates a defendant's right to confrontation must be made case by case. We retained jurisdiction and remanded this matter

for an evidentiary hearing regarding whether preclusion of evidence in this case was appropriate.

Following the issuance of our opinion, an evidentiary hearing was held below and the trial court ruled, in a written opinion, that the proffered evidence of a prior sexual relationship between defendant and complainant was irrelevant and immaterial in this case, and that counsel's failure to give the required notice was a tactical decision. The trial court concluded that admission of the evidence was properly denied in this case. The trial court noted that this matter was tried with a judge as factfinder and found that there was sufficient evidence presented of the parties' prior relationship to support the defendant's defense claim. The trial court also found that the parties' prior relationship had been explored in detail during the preliminary examination. In addition to finding that the evidence was immaterial and that failure to file the required notice was a tactical decision, the trial court concluded that exclusion of the evidence, even if error, was harmless.

We believe the trial court properly applied the balancing test in determining that the evidence of the parties' prior relationship should not have been admitted in this case. We note that the record of the evidentiary hearing shows that defense counsel was aware of the procedural requirements for admission of the evidence. As we suggested in our prior opinion, defense counsel's decision to raise this issue on the day of trial suggests a tactical decision and weighs in favor of exclusion. 193 Mich App 303. In addition, it is clear in this case that preclusion of the evidence did not prevent defense counsel from presenting defendant's claim of consent and that any error was harmless. We find no abuse of discretion.

Affirmed.