PEOPLE v HURT

Docket No. 137843. Submitted January 3, 1995, at Lansing. Decided
    June 2, 1995, at 9:35 A.M.

    Eric J. Hurt was convicted following a jury trial in the Oakland
    Circuit Court, Alice L. Gilbert, J., of six counts of first-degree
    criminal sexual conduct and was sentenced to concurrent
    prison sentences of ten to thirty years for each offense. He
    appealed, alleging several errors, including misconduct by the
    prosecutor.

    The Court of Appeals held:

    1. The defendant's convictions must be reversed as a result of
    the prosecutor's repeated instances of misconduct. A prosecutor
    may not place the prestige of the prosecutor's office behind a
    witness or vouch for the truthfulness of a witness. The prose-
    cutor's suggestion that he had personal knowledge of the truth-
    fulness and credibility of the witnesses, and a similar attempt
    to bolster the testimony of a codefendant, resulted in the denial
    of a fair trial for the defendant. The excesses of the prosecutor
    are apparent in the entire record. His conduct was egregious,
    touched nearly every aspect of the trial, and was offensive to
    the maintenance of a sound judicial system.

    2. The trial court abused its discretion in allowing the
    prosecutor to ask the complainant's psychologist if the com-
    plainant's psychological problems were the result of the sexual
    assault and in admitting the psychologist's response that the
    complainant's symptoms were directly caused by the incident
    with the defendant. This information impermissibly bolstered
    the complainant's credibility and left the jury with the impres-
    sion that the assault had occurred.

    3. The trial court properly excluded evidence of the complain-
    ant's past sexual activity with the defendant and evidence of
    general sexual activity. The defendant did not file a motion or

REFERENCES

Am Jur 2d, Expert and Opinion Evidence §§ 41, 47-49; Juvenile
    Courts and Delinquent and Dependent Children §§ 60-62; Rape
    § 28.
See ALR Index under Expert and Opinion Evidence; Juvenile
    Courts and Delinquent Children; Rape.

offer of proof regarding the matter within the time provided in MCL 750.520j(2); MSA 28.788(10)(2). The defendant's right to confrontation was not violated.

4. Although the trial court erred in instructing the jury regarding force and coercion, its instructions fairly presented the issues to be tried and sufficiently protected the defendant's rights. The error does not require reversal.

5. The defendant properly was charged as an aider and abettor with respect to counts five and six. The aiding and abetting statute applies to prosecutions for criminal sexual conduct.

6. The trial court did not abuse its discretion in sentencing the defendant, who was a juvenile at the time of the assault, as an adult.

Reversed.

1. WITNESSES — EXPERTS — RAPE.

A behavioral expert may not testify in a trial involving criminal sexual conduct that an assault actually occurred and may not render an opinion that particular behavior that was observed indicates that a sexual assault in fact occurred.

2. CRIMINAL LAW — AIDING AND ABETTING — CRIMINAL SEXUAL CONDUCT.

The aiding and abetting statute applies to prosecutions for criminal sexual conduct (MCL 767.39; MSA 28.979).

3. CRIMINAL LAW — JUVENILES — SENTENCES.

The standard of review of a judge's decision to sentence a minor as a juvenile or an adult is a bifurcated one: the judge's findings of fact are reviewed for clear error and the ultimate decision to sentence as an adult or a juvenile is reviewed for an abuse of discretion.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *John S. Pallas,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Charles J. Booker*), for the defendant on appeal.

Before: FITZGERALD, P.J., and MARILYN KELLY
and G. N. BASHARA, JR.,* JJ.

PER CURIAM. Defendant appeals as of right from
his conviction of six counts of criminal sexual
conduct. MCL 750.520b(1)(d); MSA 28.788(2)(1)(d).
The judge sentenced him to ten to thirty years'
imprisonment for each offense. The sentences are
concurrent. On appeal, defendant raises numerous
complaints of error. Prominent among them is a
claim of prosecutorial misconduct. We reverse.

I

Defendant, along with another man, was ac-
cused of sexually assaulting the complainant in a
deserted area of the county. The complainant
knew both men and had been dating the codefen-
dant. Some testimony indicates that she had also
dated defendant at an earlier time. The complain-
ant and defendant were juveniles at the time of
the assault. The codefendant was twenty years old.

All the versions of the incident are substantially
similar. Even defendant did not deny that he
engaged in various sexual acts with the complain-
ant. However, he claimed that the acts were con-
sensual. Codefendant, in contrast, admitted to rap-
ing the complainant. He testified against defen-
dant, and substantiated the complainant's version
of the events. Furthermore, a police officer stopped
the car in which the assault occurred as it
emerged from the secluded area. He testified that,
upon seeing sexual devices in a bag in the car, he
determined to transport the complainant home in
the police car. Once the complainant was in the

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

police car and the men had driven away, she told the officer of the assault.

The complainant sought prompt medical attention at an emergency room. Testimony from emergency room staff indicated that, while physically unharmed, she was visibly extremely upset and crying. The physical examination revealed the presence of semen.

At most, this was a credibility contest between defendant and the other witnesses, who included two eyewitnesses, the codefendant and the complainant. If the case had come before us on a sufficiency of the evidence claim, we would have concluded that the evidence of guilt was overwhelming. However, the prosecutor, by repeated instances of misconduct, snatched defeat from the jaws of victory. Regretfully, we find it necessary to reverse as a result.

II

Defendant first contends that the prosecutor vouched for defendant's guilt at least seventeen different times. A prosecutor may not attempt to place the prestige of his office or that of the police behind the contention that the defendant is guilty; he may argue that the evidence shows that the defendant is guilty. *People v Cowell,* 44 Mich App 623, 628; 205 NW2d 600 (1973).

We have reviewed the record and disagree with defendant's assertion that the prosecutor repeatedly questioned witnesses in a manner which assumed defendant's guilt. His comments should have been restricted to closing argument, but they did not have the cumulative effect of placing the prosecutor's prestige behind the contention that defendant was guilty. *Cowell, supra.*

More troubling is the prosecutor's statement

made in response to defense counsel's objection to permitting the testimony of complainant's treating psychologist. The prosecutor said, "I intend to use every prejudicial and detrimental means necessary in prosecuting him, so I don't think that's at all shocking to anyone." Such a statement shows a clear disregard for the prosecutor's duty to seek justice, not merely to convict. *People v O'Quinn,* 185 Mich App 40, 43; 460 NW2d 264 (1990); *People v Erb,* 48 Mich App 622, 631; 211 NW2d 51 (1973).

Recognizing that the heat of trial and vigorous prosecution may cause a party to overstate his position, we would still hesitate to find misconduct, despite the extremity of the statement. The prosecutor is not required to phrase his arguments in the blandest of terms. *Cowell,* pp 628-629. However, in yet another instance, the prosecutor told the jury:

> I'm not over-zealous in my regard, I'm just trying to get everything to you, and in presenting my witnesses, I sit down with them and I go over everything so that I don't waste your time and this Court's time and that Court Reporter's time, everybody's time.
> I sit down and I speak to the witnesses, and I would never, ever present any testimony other than entirely truthful in my mind.

We reiterate that the prosecutor may not place the prestige of his office behind the witnesses. He may not vouch for their truthfulness. *People v Erb,* 48 Mich App 622, 631; 211 NW2d 51 (1973). The statement by the prosecutor clearly suggested that he had personal knowledge of the truthfulness and credibility of the witnesses. He made a similar effort to bolster the testimony of the codefendant.

Reviewing the prosecutor's comments in context,

and considering the whole record, defendant was denied a fair trial by the prosecutor's misconduct. We also note that, although we have not specifically addressed the many other instances of claimed misconduct, we do not find them all unobjectionable. The excesses of the prosecutor are apparent in the entire record. His conduct was egregious and touched nearly every aspect of the trial. It was offensive to the maintenance of a sound judicial system.

### III

Defendant also claims error in the judge's decision to admit the testimony of the claimant's psychologist.

### A

The decision to admit evidence is within the sound discretion of the trial judge and will not be reversed absent an abuse of discretion. An abuse of discretion will be found only if an unprejudiced person, considering the facts on which the court relied, would conclude there was no justification for the ruling made. *People v Rockwell,* 188 Mich App 405, 410; 470 NW2d 673 (1991).

The complainant was a teenager. We take our direction for resolving the issue from our Supreme Court's handling of the question of the admissibility of expert testimony in a child rape case. *People v Beckley,* 434 Mich 691; 456 NW2d 391 (1990). There, in a plurality opinion, the Court concluded that, in sexual abuse cases, a behavioral expert must function primarily in the role of advisor. The advice of the expert is required only if: (1) particular behavior of the complainant following the rape is at issue; (2) it is necessary to rebut inferences

regarding post-incident behavior of the complainant which is at issue; and (3) the testimony is limited to background information on the behavior the victim is likely to exhibit following a rape. *Id.* The expert may not testify that the assault actually occurred or render the opinion that particular behavior that was observed indicates that a sexual assault in fact occurred. *Id.,* pp 725 (Brickley, J.), 734 (Boyle, J., concurring in part, dissenting in part).

### B

In this case, the prosecutor specifically asked the expert if the complainant's symptoms of fear, anxiety and depression were the result of the sexual assault. The expert testified that the symptoms were directly caused by the incident with defendant. Later, following similar questioning, the expert again indicated that the complainant's psychological problems were the result of trauma from the incident involving defendant. Such questioning was improper. Moreover, the judge abused her discretion in admitting the expert's responses. These impermissibly bolstered the complainant's credibility and left the jury with the impression that the assault had occurred. *Id.,* p 733.

We do not fully foreclose the use of expert testimony in this case on retrial. For example, at the first trial defendant attempted to establish that the sexual contact was consensual by offering evidence that the complainant had contacted him following the assault. On retrial, an expert could testify regarding whether such behavior is typical or characteristic of an adolescent sexual assault victim. But it is improper to ask the expert to draw any conclusions regarding whether defendant assaulted the complainant.

IV

We find no abuse of discretion in the judge's decision to exclude evidence of complainant's past sexual activity with defendant and evidence of general sexual activity. Defendant failed to file a motion or offer of proof on the matter within the required time frame. MCL 750.520j(2);. MSA 28.788(10)(2). Furthermore, defendant's right to confrontation was not violated by the judge's decision. *People v Lucas (On Remand)*, 193 Mich App 298, 302; 484 NW2d 685 (1992), *(After Remand)*, 201 Mich App 717; 507 NW2d 5 (1993).

The trial court erred in instructing the jury on force and coercion. However, even imperfect instructions do not require reversal if they fairly present the issues to be tried and sufficiently protect the defendant's rights. *People v Wolford*, 189 Mich App 478, 481; 473 NW2d 767 (1991). That being the case here, the error does not require reversal.

The question of whether the trial judge erred by failing to give an instruction on accomplice testimony is unpreserved. Finding no manifest injustice, we decline to further review the matter. *People v Johnson*, 187 Mich App 621, 628; 468 NW2d 307 (1991).

Defendant was properly charged as an aider and abettor with respect to counts five and six. MCL 767.39; MSA 28.979. The aiding and abetting statute applies to prosecutions for criminal sexual conduct. *People v Pollard*, 140 Mich App 216, 220-221; 363 NW2d 453 (1985).

The standard of review of a judge's decision to sentence a minor as a juvenile or an adult is a bifurcated one. The judge's findings of fact are reviewed under the clearly erroneous standard. The ultimate decision to sentence as an adult or

juvenile is reviewed for an abuse of discretion. *People v Lyons (On Remand),* 203 Mich App 465, 468; 513 NW2d 170 (1994).

Here, the judge's factual findings regarding defendant's background, lack of rehabilitation potential and the risk he posed to society were not clearly erroneous. Significantly, the Department of Social Services' report concluded that defendant would pose a danger to society if released at age 21. *Id.* Furthermore, given the seriousness of the crime and defendant's history, we find no abuse of discretion in the decision to sentence him as an adult. *Id.*

Reversed.