PEOPLE v PERKINS

Docket No. 76834. Decided January 10, 1986. *On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded the case to the circuit court.*

Joseph Perkins was charged in the Kalamazoo Circuit Court with assault with intent to commit criminal sexual conduct involving penetration. The court, Donald M. Goodwillie, J., granted the defendant's motion to admit evidence of prior sexual conduct between the complainant and the defendant. The Court of Appeals, SHEPHERD, P.J., and BRONSON and CYNAR, JJ., ordered the grant reversed, stating that while the evidence might have some tendency to show consent to intercourse, it had no probative value on the question of consent to an assault (Docket No. 84899). The defendant seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

Evidence of the victim's past sexual conduct with the defendant was admissible to show that the acts involving the defendant and the alleged victim which formed the basis of the charge were consensual. The evidence was relevant with regard to the question whether there was an assault. The trial court did not abuse its discretion in concluding that the probative value of the proposed testimony would outweigh any prejudicial effect. The critical issue is whose version of the events of the night in question was correct.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *James J. Gregart,* Prosecuting Attorney, for the people.

*Wickett, Laudenslager & Smith, P.C.* (by *Robert W. Smith*), for the defendant.

PER CURIAM. This is an interlocutory appeal of a pretrial evidentiary ruling. The defendant is charged with assault with intent to commit crimi-

nal sexual conduct involving penetration. The issue presented concerns the admissibility of evidence of prior sexual conduct between the complainant and the defendant. The circuit court held that the evidence was admissible. However, the Court of Appeals reversed. We conclude that the Court of Appeals improperly ordered that the evidence be excluded.

I

Defendant is charged with assault with intent to commit criminal sexual conduct involving penetration.[1] The offense is alleged to have occurred at the defendant's residence on March 6, 1984. Defendant filed a motion for a ruling on proposed evidence, showing that approximately one week before the alleged offense the complainant and defendant engaged in sexual conduct at defendant's residence. The motion was made pursuant to the "rape shield" statute, MCL 750.520j; MSA 28.788(10).

An in camera hearing on the motion was held[2] at which the complainant and the defendant testified about the night of their previous meeting, and the defendant gave his version of the events which occurred on March 6.[3] The circuit court set forth a summary of the testimony and concluded that the evidence of the first meeting was relevant to the issue of consent:

The facts of this case as determined by the

---

[1] MCL 750.520g; MSA 28.788(7).

[2] This procedure is prescribed by MCL 750.520j(2); MSA 28.788(10)(2).

[3] In addition, police reports containing statements by both the defendant and the complainant were admitted into evidence. The statements were generally consistent with the testimony they gave at the evidentiary hearing.

evidentiary hearing are sufficiently similar to be relevant to the issue of consent. On the first occasion, Defendant maintains that he and complainant met at the Black Swan, had drinks and the complainant followed him to his apartment. At his apartment, they had more to drink, talked and then had sex. The Defendant alleges that the sexual conduct on the first occasion began when, as they were kissing, complainant fondled him and they moved to the floor. He then put on his bathrobe. The two then allegedly went to Defendant's bedroom and had "rather active sexual conduct" including anal, oral, and "straight" sex. To facilitate anal sex, the Defendant states that complainant asked him for lotion which she applied.

As Defendant relates the facts of the evening, their second meeting was similar. Defendant called complainant and asked whether she would come over to his apartment later after a business meeting that evening; they arranged to meet at the Black Swan and returned to his apartment. Defendant and complainant had several drinks and complainant followed defendant to his apartment and they had drinks. Defendant claims that the same pattern of sexual events was beginning. After they had been kissing, the Defendant put his bathrobe on and states that complainant began to fondle him. Defendant claims that he and complainant had moved to the floor, and complainant encouraged his advances. When Defendant started to get up, it is his contention that complainant bit the inside of his knee. Defendant unzipped the complainant's pants, then he got up and went to the bathroom to get the lotion that complainant had used the first time they had sex. This is where the similarities of the first and second night end. When he came back downstairs, Defendant found complainant outside in the hall in her underwear and sweater screaming and knocking on the apartment next door.

\* \* \*

Complainant testified that she did not remember whether anything romantic or sexual took place

between she [*sic*] and Defendant at their first meeting.[4] She did not remember whether Defendant had put on his bathrobe during the first occasion.

\* \* \*

The court feels that to not allow the Defendant to testify to the events he claims transpired at the first meeting would effectively deprive the Defendant of any defense. To explain to the jury why he put on his bathrobe on the second occasion, why he left to get his hand cream on the second occasion, and what it was to be used for, Defendant needs to relate his version of the events to the first evening. In this case, the Court feels that the evidence is material to the issue of consent and more probative than prejudicial and that the testimony should come in for that purpose.[5]

---

[4] The complainant's testimony regarding her first visit to the defendant's apartment included the following:

"*Q.* During the time that you were at Joseph Perkins' apartment, did anything romanticly [*sic*] or sexually take place between you and the defendant?

"*A.* Not that I remember.

"*Q.* Do you recall whether or not you engaged in any completed act of sexual intercourse with the defendant?

"*A.* No, I had not.

\* \* \*

"*Q.* If a motion were filed with the court alleging or claiming that one week before March 6, that being the date of the alleged assault, that you had been at the defendant's apartment and had engaged in sexual conduct, would that motion contain a true statement or a false statement?

"*A.* I never had sex with him.

"*Q.* So therefore it would be a false statement.

"*A.* Yes."

[5] In addition, the circuit court indicated that the evidence might be admissible on the issue of the complainant's bias:

"Further, where the Defendant proffers evidence of a complainant's prior sexual conduct for the narrow purpose of showing the complaining witness' bias, this would almost always be material and should be admitted. *People v Hackett* [421 Mich 338; 365 NW2d 120 (1984)]. In this case, Defendant claims when he telephoned the complainant to confirm their meeting, complainant said 'before we go up to your apartment, the least you could do is buy me a drink.' Defendant also offers testimony that complainant told him if he wanted to have sex, he would have to call her earlier, and if he wanted to meet her earlier they could 'get together' later. Defendant claims complainant

The prosecutor filed an application for leave to appeal, and the Court of Appeals issued a peremptory order reversing and ordering the defense motion denied, explaining:

> Assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g; MSA 28.788(7), is a distinct and separate crime from criminal sexual conduct. See, *People v Willie Johnson,* 58 Mich App 165, 167 [227 NW2d 272] (1975). The testimony sought to be admitted at trial by defendant may have some tendency to show consent by the complainant to intercourse, but it has no probative value on the question of consent to an assault.

Defendant has filed an application for leave to appeal to this Court.

## II

The portion of the rape-shield statute pertinent to this case reads:

> (1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's

said this at least twice, once right after he put his bathrobe on and once after she bit him on the knee. In between those statements, Defendant testified that there was encouraged sexual foreplay between he [*sic*] and the complainant. If this evidence is believed, this might provide a basis for the trier of fact to determine that the complainant was biased because of their previous relationship."

On the other hand, the court said that the testimony could not be used for the purpose of impeaching the credibility of the complainant:

"However, evidence that a complainant in a prosecution for criminal sexual conduct has consented to sexual relations with the Defendant in the past is not admissible to impeach complainant's credibility. *People v Williams,* 416 Mich 25 [330 NW2d 823] (1982). If they wish, the People will be allowed an instruction to the jury that indicates that the Defendant's evidence regarding the alleged consent is not to be used for credibility or to show a bad reputation—but merely for the limited purpose of consent."

sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g *unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:*

(a) *Evidence of the victim's past sexual conduct with the actor.* [MCL 750.520j; MSA 28.788(10). Emphasis added.]

Because the proposed testimony in this case related to sexual activity between the complainant and the defendant, the strong prohibitions on evidence of a complainant's past sexual activities, which we have discussed in several recent opinions,[6] are not involved.[7] As the statute indicates, we are faced with the more usual evidentiary issues of the materiality of the evidence to the

---

[6] See *People v Hackett*, 421 Mich 338; 365 NW2d 120 (1984); *People v Williams*, 416 Mich 25; 330 NW2d 823 (1982); *People v Arenda*, 416 Mich 1; 330 NW2d 814 (1982).

[7] As we explained in *People v Arenda*, n 6 *supra:*

"The rape-shield law, with certain specific exceptions, was designed to exclude evidence of the victim's sexual conduct *with persons other than defendant.* . . .

"The prohibitions contained in the rape-shield law represent a legislative determination that, in most cases, such evidence is irrelevant. . . .

"The prohibitions in the law are also a reflection of the legislative determination that inquiries into sex histories, even when minimally relevant, carry a danger of unfairly prejudicing and misleading the jury." 416 Mich 10. (Emphasis added.)

Indeed, MRE 404(a)(3) provides for different treatment of evidence of prior sexual activity between a complainant and a defendant:

"(a) Character Evidence Generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

\* \* \*

"(3) Character of Victim of Sexual Conduct Crime. In a prosecution for criminal sexual conduct, evidence of the victim's past sexual conduct with the defendant and evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease."

issues in the case[8] and the balancing of its probative value with the danger of unfair prejudice.[9]

We can find no abuse of discretion in the trial court's determination that the evidence was material and that its probative value outweighed its inflammatory or prejudicial character. So far as it appears from the evidentiary hearing, the critical issue at trial will be whose version of the events of March 6, 1984, was the correct one. In the complainant's telling, the defendant attacked her when she said she intended to leave his apartment after an hour's uneventful conversation. Defendant maintained that the conversation had evolved into the same sexual preliminaries as the previous week when the complainant had been to his apartment. If a factfinder, typically a jury, were to believe the defendant's description of the encounter the previous week, that evidence could influence its decision as to whether the events on March 6 amounted to an assault or were consensual.

Nor do we see any error in the circuit court's conclusion that the probative value of the testimony outweighed any likely prejudicial effects. In addition to the general probative value of such testimony on the issue of consent—if the previous sexual activities occurred that might make it more likely that a jury would find that the March 6 events were consensual—the testimony had particular importance in this case. Many of the defendant's actions on March 6 (as he described them) might appear strange to a jury except in the context of his claim that a similar encounter had taken place the previous week. As to prejudicial effects, while any testimony about prior sexual

---

[8] See MRE 402.

[9] See MRE 403.

activities may be inflammatory to some degree, we see nothing about this case that would require exclusion of the testimony on that ground.

We are not persuaded that the brief statement in the Court of Appeals order provides a basis for overturning the trial court's decision. The Court of Appeals said that assault with intent to commit criminal sexual conduct is a distinct offense from criminal sexual conduct and that while the testimony may have some tendency to show the complainant's consent to intercourse, "it has no probative value on the question of consent to an assault." That reasoning misses the point. The issue in this trial is not whether there was consent to an assault. It is whether there was an assault. The evidence regarding the previous sexual conduct is relevant to that question, as it might lead a jury to believe that what occurred were consensual preliminaries to sexual activity as described by the defendant. A jury might not so conclude, but that will be for it to decide. Such a decision cannot be made by the circuit court or the Court of Appeals.

Accordingly, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we reverse the order of the Court of Appeals certified June 19, 1985, and remand the case to the Kalamazoo Circuit Court for further proceedings.

WILLIAMS, C.J., and LEVIN, BRICKLEY, CAVANAGH, BOYLE, RILEY, and ARCHER, JJ., concurred.