PEOPLE v DIXON

Docket No. 246739. Submitted May 11, 2004, at Detroit. Decided August
24, 2004, at 9:05 A.M. Leave to appeal sought.

Darrell L. Dixon was convicted by a jury in the Oakland Circuit
Court of two counts of first-degree criminal sexual conduct (CSC),
first-degree home invasion, and felonious assault. The court,
Steven N. Andrews, J., sentenced the defendant to twenty-five to
fifty years' imprisonment for each CSC conviction, ten to twenty
years' imprisonment for the home invasion conviction, and two to
four years' imprisonment for his felonious assault conviction. The
defendant appealed.

The Court of Appeals *held*:

Effective assistance of counsel is presumed. To establish
ineffective assistance of counsel, the defendant must prove that
defense counsel's deficient performance denied him his Sixth
Amendment right to counsel and that, but for counsel's errors,
the outcome of the proceedings would have been different.

The defendant is not entitled to a new trial solely on the basis
of his claim that defense counsel was ineffective because she only
met with him immediately before the preliminary examination
and failed to meet with him again until the trial. The defendant
concedes that counsel met with him before the examination and
the transcript of the examination reveals that counsel was aware
of the facts and elicited testimony from the victim that was
designed to undermine her credibility. Moreover, the defendant
has failed to present evidence that defense counsel's error at trial
resulted from a lack of preparation before trial. However, defense
counsel's failure to lay the proper foundation at trial for the
admission of the victim's recorded conversation with a 911 opera-
tor in this close credibility contest was likely outcome determina-
tive because the victim admitted waiting a significant amount of
time after the alleged assault before calling, her calm demeanor
while speaking to the 911 operator belied her claim of assault, and
she lied about the facts of the emergency. Therefore, the defendant
is entitled to a new trial on this basis. Furthermore, defense
counsel was also ineffective for failing to file a notice of intent to
introduce evidence of the victim's recent consensual, sexual con-

duct with the defendant as required by the Michigan rape shield law, MCL 750.520j, because in this case, the trial court clearly prohibited introduction of this evidence on the basis of counsel's failure to file the notice and that evidence was highly probative and very likely outcome determinative. Consequently, the defendant is entitled to a new trial on this basis.

Cumulatively, defense counsel's failure to meet with the defendant between the preliminary examination and the trial, the failure to lay the proper foundation for introduction of the 911 recording, and the failure to provide the notice required by MCL 750.520j effectively deprived the defendant of his Sixth Amendment right to counsel.

Reversed and remanded for a new trial.

BANDSTRA, J., concurring, agreed with the lead opinion and disagreed with that part of the opinion by SCHUETTE, J., that dissented from the reversal and remand of the convictions for first-degree home invasion and felonious assault and retrial on those charges. The errors that required the reversal of the CSC convictions infected the entire trial and required reversal of the home invasion and felonious assault convictions as well.

SCHUETTE, P.J., concurring in part and dissenting in part, stated that the convictions for home invasion and felonious assault should be affirmed. The defendant is entitled to a new trial for his convictions of CSC solely on the basis that defense counsel was ineffective for failing to file the proper notice required to introduce evidence of the alleged victim's recent consensual sexual conduct with the defendant. Although the jury was made aware that the defendant and the alleged victim had a prior relationship, under the circumstances of this case, the jury was left to speculate over whether that relationship was sexual. Rather, the jury should have been made aware of the specific acts of recent sexual conduct between the defendant and the alleged victim.

The defendant's other claims of ineffective assistance of counsel are without merit. Defense counsel's performance met prevailing professional norms where she met with the defendant immediately before the preliminary examination, she knew relevant facts of the case, and asked questions that were designed to undermine the alleged victim's credibility and motivation. Defense counsel's performance did not fall below an objective standard of reasonableness when she failed to lay the proper foundation for admission of the 911 tape. Attempting to use the alleged victim to authenticate the 911 tape was proper under MRE 901. The trial court, not defense counsel, committed error when it barred defense counsel from using this method of authentication.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, and *Janice A. Kabodian*, Assistant Prosecuting Attorney, for the people.

*Stablein, Flood & Lanctot, PLLC* (by *Paul J. Stablein*), for the defendant.

Before: SCHUETTE, P.J., and BANDSTRA and COOPER, JJ.

COOPER, J. Defendant Darrell Lashion Dixon appeals as of right his jury trial convictions of two counts of first-degree criminal sexual conduct (CSC),[1] first-degree home invasion,[2] and felonious assault.[3] Defendant was sentenced to twenty-five to fifty years' imprisonment for each CSC conviction, ten to twenty years' imprisonment for his first-degree home invasion conviction, and two to four years' imprisonment for his felonious assault conviction. We reverse and remand for further proceedings consistent with this opinion.

I. FACTS

Defendant's convictions arose from the alleged forcible rape of his ex-girlfriend. The complainant testified that on June 29, 2002, defendant entered her apartment, wearing a ski mask and gloves, by kicking in her door. Defendant threatened the complainant and her friend, Tyrone Mason, with a machete. After defendant coerced Mr. Mason into leaving, defendant twice sexually assaulted the complainant with her two-year-old son present.

---

[1] MCL 750.520b.

[2] MCL 750.110a(2).

[3] MCL 750.82.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant raises several claims of ineffective assistance of counsel. Specifically, defendant alleges that defense counsel was ineffective for failing to meet with him prior to trial, to file a notice of intent to present evidence pursuant to the Michigan rape shield law, to lay the proper foundation for the admission of the complainant's 911 call, to present the defense of consent to the CSC charges, and to object at defendant's sentencing hearing to the scoring of offense variable (OV) 10. Absent a *Ginther*[4] hearing, our review is limited to the existing record.[5]

Effective assistance of counsel is presumed, and defendant bears a heavy burden to prove otherwise.[6] To establish ineffective assistance of counsel, defendant must prove that counsel's deficient performance denied him the Sixth Amendment right to counsel and that, but for counsel's errors, the proceedings would have resulted differently.[7] Defendant must overcome the strong presumption that counsel's performance was sound trial strategy.[8]

Defendant first argues that defense counsel's failure to meet with him until immediately before the preliminary examination and her complete failure to meet with him between the preliminary examination and trial constituted a "complete denial of counsel" at a "critical stage" of the proceeding, and that he is entitled to a new trial without any showing of substantial prejudice.[9]

---

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[5] *People v Snider*, 239 Mich App 393, 423; 608 NW2d 502 (2000).

[6] *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999).

[7] *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001).

[8] *Id.* at 600.

[9] *Bell v Cone*, 535 US 685, 695-696; 122 S Ct 1843; 152 L Ed 2d 914 (2002); *United States v Cronic*, 466 US 648, 659; 104 S Ct 2039; 80 L Ed 2d 657 (1984).

"The pre-trial period constitutes a 'critical period' because it encompasses counsel's constitutionally imposed duty to investigate the case."[10] However, defendant concedes elsewhere in his brief that defense counsel did, in fact, meet with him before the preliminary examination.[11] The preliminary examination transcript reveals that defense counsel had been apprised of the relevant facts of the case, and that she asked the complainant questions designed to undermine her credibility and reveal her motivation for accusing defendant. Although defense counsel's errors at trial may have resulted from her lack of attention to defendant's case prior to trial, defendant has failed to provide any evidence in this regard. We, accordingly, decline to grant defendant a new trial on this basis alone.

Defendant next argues that defense counsel was ineffective for failing to lay a proper foundation for the admission of the complainant's recorded conversation with a 911 operator. The record reveals that defense counsel unsuccessfully attempted to lay the proper foundation. Defense counsel did elicit the substance of the conversation between the complainant and the 911 operator on cross-examination of the complainant. The complainant testified to waiting an hour and a half to call 911, claimed that she was not upset when she called and spoke to the operator in an extremely calm voice, and admitted to lying regarding the nature of her emergency.

Although the substance of the call reached the jury, defendant contends that hearing the complainant's

[10] *Mitchell v Mason*, 325 F3d 732, 743 (CA 6, 2003).

[11] See *Dick v Scroggy*, 882 F2d 192, 197 (CA 6, 1989), cited in *Mitchell, supra* at 744 (rejecting the defendant's ineffective assistance claim as counsel actually interviewed the defendant in a thirty to forty-five minute meeting).

calm voice during the call was necessary to undermine her credibility. We agree. Without any physical evidence this case amounted to a close credibility contest. Defense counsel's failure to have admitted evidence critical to the issue of the credibility of the complainant was likely outcome determinative.[12] Therefore, defendant is entitled to a new trial on this ground.

Defendant asserts that defense counsel was ineffective for failing to present the defense of consent to the first-degree CSC charges, and by failing to call defendant to testify that his sexual interaction with the complainant was consensual. However, "[d]ecisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy,"[13] which we will not second-guess with the benefit of hindsight.[14] Furthermore, the failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense.[15] The record reveals that defense counsel raised the defense of consent through her cross-examination of the complainant, and sought to bolster that defense by attacking her credibility. Defense counsel bolstered this theory in closing argument. As the defense of consent was actually raised, defendant's contention is without merit.

Defendant also contends that defense counsel was ineffective for failing to file a notice of intent to intro-

---

[12] The failure to introduce this evidence for the jury's consideration had the same impact regardless of whether it resulted from counsel's ineffectiveness or, as Judge SCHUETTE's opinion concludes, from the trial court's error.

[13] *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999).

[14] *People v Rice (On Remand)*, 235 Mich App 429, 445; 597 NW2d 843 (1999).

[15] *People v Hoyt*, 185 Mich App 531, 537-538; 462 NW2d 793 (1990).

duce evidence of the complainant's past sexual conduct
with defendant as required by the Michigan rape shield
law.[16] As a result of this error, the jury did not hear
evidence regarding an incident of consensual inter-
course between defendant and the complainant a week
before the alleged sexual assault.

At trial, defense counsel conceded that she had not
complied with the notice requirement set out in MCL
750.520j(2), but argued that the purpose of the notice
requirement was fulfilled, as the prosecution was made
aware of the prior sexual relationship by the complain-
ant's testimony at the preliminary examination. De-
fense counsel further argued that the evidence was
admissible because it was relevant and supported de-
fendant's theory that the intercourse was consensual in
this instance.[17]

This Court has held that failure to comply with the
notice requirement of MCL 750.520j does not necessar-
ily preclude the admission of evidence of past sexual
relations between a victim and a defendant.[18] In *People
v Lucas (On Remand)*, this Court found that the exclu-
sion of evidence regarding past sexual activity between
the defendant and the victim could violate a defendant's
Sixth Amendment right of confrontation.[19] Where no
notice is filed, the trial court must determine whether
the evidence is admissible on a case-by-case basis con-
sidering whether the defendant's timing of the offer to
produce such evidence suggests an improper tactical

---

[16] MCL 750.520j.

[17] See *People v Perkins*, 424 Mich 302, 307-308; 379 NW2d 390 (1986)
(evidence of past sexual relationship between a defendant and a victim is
probative).

[18] *People v Lucas (On Remand)*, 193 Mich App 298, 303; 484 NW2d 685
(1992).

[19] *Id.* at 302.

purpose,[20] and whether the probative value of the evidence outweighs its prejudicial effect.[21]

The trial court failed to consider on the record the import of defense counsel's timing and to weigh the probative value of this evidence. It is clear from the record, however, that the trial court determined to exclude this evidence based on defense counsel's failure to file a notice of intent. Evidence of the recent consensual sexual activity between defendant and the complainant is highly probative and very likely outcome determinative. Defense counsel was constitutionally deficient for failing to file the required notice of intent to produce this evidence. The failure of defense counsel to meet with her client between the preliminary examination and trial in this capital case; the failure to lay a proper foundation for admission of the 911 tape, in addition to the failure to provide notice pursuant to MCL 750.520j(2), cumulatively and effectively deprived defendant of his Sixth Amendment right to counsel. Defendant is, therefore, entitled to a new trial.

Defendant also challenges the trial court's denial of his motion for a *Ginther* hearing on remand from this Court and raises several issues with regard to his sentence. It is axiomatic that when this case was remanded to the trial court, it was for the purpose of holding the *Ginther* hearing. However, as we have determined that defendant is entitled to a new trial, the issue is now moot.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

BANDSTRA, J. (*concurring*). I concur with the lead opinion. I do not conclude that the errors requiring

---

[20] *Id.* at 302-303.

[21] *Perkins, supra* at 307-308.

reversal, which likely affected the jury's determinations of the alleged victim's credibility in this close case, did so only with regard to testimony concerning the criminal sexual conduct charges. "Unless the accused receives the effective assistance of counsel, 'a serious risk of injustice infects the trial itself.'" *United States v Cronic*, 466 US 648, 656; 104 S Ct 2039; 80 L Ed 2d 657 (1984), quoting *Cuyler v Sullivan*, 446 US 335, 343; 100 S Ct 1708; 64 L Ed 2d 333 (1980). Thus, I disagree with Judge SCHUETTE, who concludes that the errors did not affect the conviction for first-degree home invasion and felonious assault.

SCHUETTE, P.J. (*concurring in part and dissenting in part*). Following a jury trial, defendant was convicted on two counts of first-degree criminal sexual conduct, MCL 750.520b, and was sentenced to concurrent terms of twenty-five to fifty years for these offenses. In addition, defendant was convicted of home invasion in violation of MCL 750.110a(2) and was sentenced for ten to twenty years imprisonment for this crime. Furthermore, defendant was convicted of felonious assault in violation of MCL 750.82 and was sentenced for two to four years for this crime.

My distinguished colleagues in the majority have determined that the performance of defense counsel at trial was ineffective and, as a result, this case should be reversed and remanded for a new trial. Except in one instance as explained below, I do not share the majority's opinion that the trial counsel's performance fell below the standard articulated in *People v Sabin* (*On Second Remand*), 242 Mich App 656, 659; 620 NW2d 19 (2000). "A defendant that claims he has been denied the effective assistance of counsel must establish (1) the performance of his counsel was below an objective standard of reasonableness under prevailing profes-

sional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *Id.*, citing *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). In addition, I would affirm defendant's convictions on the home invasion charge and the felonious assault charge.

On appeal, defendant claims that on five separate occasions trial counsel's performance was ineffective. First, defendant argues that he was denied effective assistance of counsel because he only had a brief opportunity to meet with his attorney before the preliminary examination. Defendant argues that we should find constitutional error without a showing of prejudice pursuant to *Bell v Cone*, 535 US 685, 695-696; 122 S Ct 1843; 152 L Ed 2d 914 (2002), and *United States v Cronic*, 466 US 648, 659; 104 S Ct 2039; 80 L Ed 2d 657 (1984), because defense counsel's failure to meet with him until immediately before the preliminary examination constituted a "complete denial of counsel" at a "critical stage" of the proceeding.

The United States Court of Appeals for the Sixth Circuit has held that "the pre-trial period constitutes a 'critical period' because it encompasses counsel's constitutionally imposed duty to investigate the case." *Mitchell v Mason*, 325 F3d 732, 743 (CA 6, 2003). Defendant relies on the court's decision in *Mitchell* to support his argument that he was denied effective assistance of counsel at a critical stage of the proceedings. In *Mitchell*, the "defense counsel . . . utterly failed his client during the critical pre-trial period," because "no effort to consult with the client was made." *Id.* at 744. However, the instant case is more closely analogous to *Dick v Scroggy*, 882 F2d 192, 197 (CA 6, 1989), cited in *Mitchell, supra,* p 744, where "the defendant's

ineffective assistance claim was rejected because counsel had, in fact, interviewed the defendant in a thirty to forty-five minute meeting."

Here, defendant concedes that his attorney met with him before the preliminary examination. A review of the preliminary examination transcript reveals that defense counsel had been apprised of the relevant facts of the case, and that counsel asked the victim questions designed to undermine her credibility and call into question her motivation for accusing defendant of the alleged crimes. Defense counsel elicited testimony that the victim did not see the machete, gloves, and mask after defendant first entered the house with them; that although she had broken up with defendant, they continued to have frequent contact; that they had consensual sex one week before the incident; that even though the victim had taken out a personal protection order on defendant, she continued to have contact with him; and that the victim called defendant at 7:00 P.M. on the day of the incident. Defense counsel raised the potential defenses of consent and that the victim only accused defendant of the crimes because she was angry that he did not fix her door. Further, defense counsel called into question the credibility of the prosecution witnesses and followed up on these theories during cross-examination at trial.

While it is true that a "few exceptional circumstances . . . are so likely to prejudice the defendant that a reviewing court need not examine the consequences of the lawyer's conduct," and that "one of th[o]se circumstances is the *complete* denial of counsel to a criminal defendant at a critical stage of the proceedings," the instant case does not rise to such a level. *Mitchell, supra*, p 748 (emphasis added). Unlike *Mitchell, supra*, p 748, where "[t]he undisputed record evidence demon-

strate[d] that [the defendant's] counsel never consulted with him," defense counsel in the instant case met with defendant before the preliminary examination, was apprised of the relevant facts of the case, put forth defense theories based on that information, and provided defendant with the assistance of counsel guaranteed by the Sixth Amendment. The instant case does not involve circumstances "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic, supra,* p 658. Therefore, defense counsel was not ineffective for failing to meet with defendant for a longer time period before trial.

Next, defendant argues that he was denied the effective assistance of counsel where defense counsel failed to file a notice of intent to introduce evidence of the victim's past sexual conduct with defendant as required by MCL 750.520j.

Defense counsel conceded that she had not complied with the notice requirement set forth in MCL 750.520j(2), but argued that the prosecution was already aware of defendant and the victim's prior sexual relationship pursuant to her testimony at the preliminary examination, and that the purpose of the notice requirement had thus been fulfilled. Defense counsel argued that our Supreme Court's decision in *People v Perkins,* 424 Mich 302, 307-308; 379 NW2d 390 (1986), supported admitting evidence of consensual sex between defendant and the victim one week before the incident, because it was relevant and supported defendant's theory that the sex was consensual in this instance. Defendant argues that defense counsel's failure to comply with the notice requirement fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's error, the

outcome of the proceedings would have been different. *People v Rodgers,* 248 Mich App 702, 714; 645 NW2d 294 (2001). However, this Court has held that failure to comply with the notice requirement of MCL 750.520j does not necessarily preclude the admission of evidence of past sexual relations between a victim and a defendant. *People v Lucas (On Remand),* 193 Mich App 298, 303; 484 NW2d 685 (1992). Further, upon cross-examination of the victim, defense counsel elicited testimony that she and defendant had dated for a year and a half, and had broken up, but continued to see each other frequently. Therefore, the jury was aware of a prior *relationship* between defendant and the victim.

The trial court could have admitted evidence of a past sexual relationship between the victim and defendant pursuant to the holding in *Lucas, supra,* even without the ten-day notice requirement of MCL 750.520j. Nonetheless, under the circumstances of this case the jury should have been made aware of recent specific acts of sexual relations between the victim and defendant. Speculation by members of the jury that defendant and the victim's relationship recently might have been sexual is not sufficient. Therefore, I agree that in this instance, trial counsel's conduct was ineffective as it did not meet the standard set forth in *Sabin, supra,* or *Strickland, supra.*

Defendant also argues that defense counsel's failure to lay a proper foundation for the admission of a 911 tape fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's error, the outcome of the proceedings would have been different. While the record reveals that defense counsel was unable to lay a proper foundation for the admission of the 911 tape, she was able to elicit the substance of the conversation between the victim

and the 911 operator on cross-examination of the victim, including testimony that the victim did not call 911 until an hour and a half after the incident; that she was not upset when she called 911; that she lied during the call about her house having been broken into; and that she spoke to the 911 operator in an extremely calm voice.

Here, defense counsel attempted to authenticate the 911 tape by using the victim to identify her own voice. The trial court ruled that this was not a proper mode of authentication. However, the trial court should have admitted the 911 tape because the victim was able to vouch for its authenticity and state what it was purported to be, a recording of her call seeking help after an assault. Defendant did not appeal the trial court's refusal to admit the 911 tape into evidence, but defense counsel's performance met the standard set forth in *Sabin, supra,* and *Strickland, supra.* The facts and circumstance of this case are similar to the case of *People v Berkey,* 437 Mich 40, 52; 467 NW2d 6 (1991), in which our Supreme Court held that authentication of taped conversations between a defendant and a victim was to be determined in light of MRE 901.[1] In *Berkey, supra,* tape recordings of conversations between a deceased victim and the defendant were sufficiently authenticated by a neighbor who identified the voices on a tape recording. In the case at bar, the error in not admitting the 911 tape was made by the trial court and not by defense counsel. Under *Berkey,* the trial court should have allowed the victim to authenticate the tape and then allowed the jury to hear the 911 call. However,

---

[1] MRE 901(a) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

defense counsel was not ineffective for attempting to use the victim to authenticate the 911 tape and I would not reverse on this issue.

Defendant's two other claims of ineffective assistance of counsel have no merit.

I would affirm defendant's felonious assault and home invasion convictions, but would reverse defendant's first degree criminal sexual conduct convictions solely on the grounds that counsel was ineffective in failing to file a notice of intent to introduce evidence of the victim's past sexual conduct with defendant and not on the basis of defense counsel's actions in attempting to authenticate the 911 call.