# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TREVOR WILLIAM-EUGENE HEWITT,

        Defendant-Appellant.

UNPUBLISHED
October 22, 2015

No. 322039
Branch Circuit Court
LC No. 13-089982-FH

Before: TALBOT, C.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Defendant Trevor William-Eugene Hewitt was convicted by a jury of resisting and obstructing a police officer, MCL 750.81d(1), second-degree retail fraud, MCL 750.356d, and two counts of assault and battery, MCL 750.81. He was acquitted of a second charge of resisting and obstructing a police officer. Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to 32 to 48 months' imprisonment for his resisting and obstructing a police officer conviction, 365 days in jail for his second-degree retail fraud conviction, and 93 days in jail for each of his assault and battery convictions. He appeals as of right. We affirm.

On appeal, defendant raises three claims of ineffective assistance of counsel.[1] Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review a trial court's findings of fact for clear error, and review questions of constitutional law de novo. *Id.* A finding is clearly erroneous if this Court is "left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011).

To prevail on a claim of ineffective assistance, a defendant must establish that counsel's performance fell below an objective standard of reasonableness and, but for counsel's errors, there is a reasonable probability that the outcome of the trial would have been different. *People*

---

[1] Below, defendant raised this issue in a motion for a new trial. At the hearing on his motion, the trial court took testimony from defendant on his ineffective assistance claims, but ultimately denied the motion after finding that each of defendant's arguments lacked merit.

-1-

*v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). "In doing so, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy." *Id.*

Defendant first claims that defense counsel was ineffective for failing to obtain additional video recordings from the incident, despite defendant's request for counsel to do so. The decision of what evidence to present is presumed to be a matter of trial strategy. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). Here, defendant presented no evidence indicating that the requested video recordings contained information different from what was presented to the jury at trial. The jury heard in-depth testimony from loss prevention personnel at Wal-Mart and two police officers regarding the events surrounding defendant's arrest. Defendant also testified about his version of the events. Finally, the jury saw two videos documenting defendant's actions from the time he committed the charged offenses to the time he was arrested.[2] Thus, additional video recordings likely would have been cumulative evidence. Moreover, in light of the fact that defendant failed to identify the content of the requested video recordings, it is purely speculative that he "would have fared any better at trial with this information." *People v Hoag*, 460 Mich 1, 8; 594 NW2d 57 (1999). Because defendant failed to meet his burden of showing that defense counsel's performance fell below an objective standard of reasonableness, his ineffective assistance claim must fail. *Carbin*, 463 Mich at 600.

Next, defendant argues that defense counsel was ineffective for failing to subpoena additional police witnesses who were at the scene. The decision of whether to call a witness is presumed to be a matter of trial strategy, *Rockey*, 237 Mich App at 76, and "the failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense," *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). Like the additional video recordings, defendant failed to offer any evidence regarding what the testimony of the additional police officers would have been. At trial, the jury heard substantial testimony from two police officers who were present at the scene. Defendant presents no evidence showing that further testimony from other officers who witnessed the same events would have been beneficial to his case. If anything, it appears that such testimony would have benefitted the prosecution. Accordingly, we find that defendant's argument lacks merit.

Finally, defendant claims that defense counsel was ineffective because defendant was unaware that he was being charged as a third-offense habitual offender. Defendant testified at the post-trial hearing on his motion for a new trial that he would have accepted a plea offer had he known this fact. In the plea-bargaining process, a defendant is entitled to the effective assistance of counsel, just as he is at trial. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). A defendant making a claim of ineffective assistance of counsel based on the plea-bargaining process " 'must show [that] the outcome of the plea process would have been different with competent advice.' " *Id.* at 592, quoting *Lafler v Cooper*, 566 US ___, ___; 132 S Ct 1376; 182 L Ed 2d 398 (2012).

---

[2] We note that one of these videos was from a police officer's in-car camera and was played at defendant's request, despite defense counsel's advice that it would not be in defendant's best interests for the jury to see the video.

Defendant's argument is contradicted by the record. Defendant was arraigned on his charges on a felony complaint, which included a third-offense habitual offender notice. Accordingly, he had notice of the charges against him, including his habitual-offender status. Defendant was further informed of the charges against him at a pre-trial motion hearing on January 31, 2014. At the hearing, the trial court stated defendant's charges on the record, including that he was being charged as a third-offense habitual offender. The prosecutor then placed a plea offer on the record, which, in part, offered that defendant plead guilty as a second-offense habitual offender. The prosecutor indicated that this plea deal would make defendant's maximum penalty three years as opposed to four, which was the maximum penalty he faced if a jury found him guilty as a third-offense habitual offender. Defendant stated that he understood the plea offer, but he wanted to go to trial. Considering this record, defendant was on notice that he had been charged as a third-offense habitual offender, and counsel was not ineffective in this regard. Therefore, defendant is not entitled to a new trial.

Affirmed.

/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Michael F. Gadola

-3-