# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DANIEL PAUL PEIFFER,

        Defendant-Appellant.

UNPUBLISHED
June 28, 2016

No. 325148
Clinton Circuit Court
LC No. 14-009284-FH

Before: FORT HOOD, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

The trial court sentenced defendant as a fourth habitual offender to 3 to 6 years' imprisonment for operating while intoxicated third offense and a concurrent term of 6 months' imprisonment for driving while license suspended. Defendant appeals as of right. For the reasons stated in this opinion, we affirm defendant's convictions and sentences.

## I. FACTS AND PROCEDURAL HISTORY

Clinton County Sheriff's Department Deputy Andrew Wiswasser testified that at approximately 11:30 p.m. on April 18, 2014, while conducting a routine patrol of the area, his attention was drawn to a fast-moving Dodge pickup truck traveling in the opposite direction of his vehicle on Hubbardston Road. Wiswasser then engaged his moving radar and concluded that the truck was traveling 50 miles per hour in a 35 miles per hour zone. Wiswasser made a U-turn and attempted to catch up to the truck. The truck "accelerated rapidly," made two turns, and abruptly stopped in a driveway. Wiswasser stopped behind the truck, ready to jump out of his car.

Wiswasser testified that as he exited his patrol car, defendant was already out of the truck; believing that defendant was going to run, Wiswasser drew his gun and ordered defendant to stop. Defendant complied, stating, "you got me." According to Wiswasser, defendant stated that he was coming from a party where he had a few drinks and "he was just trying to get home." Wiswasser testified that he "smelled the odor of intoxicants" and had defendant complete a series of field sobriety evaluations. Wiswasser explained that he observed several signs in defendant's performance that are indicative of intoxication. Wiswasser then arrested defendant and took him to jail, where pursuant to a search warrant, defendant's blood was drawn and tested. The results revealed a blood alcohol content of 0.159 grams per 100 milliliters of blood.

-1-

Following a jury trial, defendant was convicted of operating while intoxicated (OWI), third offense, MCL 257.625(1)(a), (9)(c), and driving while license suspended (DWLS), MCL 257.904(1). Defendant was acquitted of fourth-degree fleeing and eluding, MCL 257.602a(2). Defendant's trial counsel withdrew as defendant's attorney before sentencing. At sentencing, defendant's new counsel told the court that defendant was requesting a prison sentence, contrary to counsel's advice:

> Your Honor, in discussing what the Court should do or what he would like the Court to do with my client, he indicated he would prefer to go to prison. He didn't say how long. I'm sure a very short period of time, the lowest the Court could go to get him there. And he would also like to avail himself of Boot Camp if he qualifies for that, as well . . .
>
> I indicated to my client that I would prefer he go to, basically, jail versus prison, but he indicated that he definitely wanted to go to prison, in light of the— perhaps, the day-to-day living there . . .

The trial court sentenced defendant to 3 to 6 years' imprisonment for OWI 3d and a concurrent term of 6 months' imprisonment for DWLS.

## II. ANALYSIS

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

On appeal, defendant argues that he was denied the effective assistance of counsel both at his trial and at his sentencing. Defendant preserved this issue by filing a motion to remand for an evidentiary hearing, which this Court granted. *People v Peiffer*, unpublished order of the Court of Appeals, entered August 6, 2015 (Docket No. 325148).

An ineffective assistance of counsel claim is a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). We review the trial court's factual findings for clear error, but the trial court's constitutional determinations are considered de novo. *People v Dendel*, 481 Mich 114, 124; 748 NW2d 859, amended on other grounds 481 Mich 1201 (2008). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993).

### 1. FAILURE TO INVESTIGATE OR CALL AN EXCULPATORY WITNESS

Defendant first argues that his trial counsel, Kerry Cole, was ineffective for failing to investigate and call Eric Franks as a witness at trial.

"Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses," which means defenses that might have made a difference in the outcome of trial. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). Counsel must conduct reasonable investigations or reasonably determine that a certain investigation is unnecessary.

*Trakhtenberg*, 493 Mich at 52. "[D]ecisions regarding what evidence to present and which witnesses to call are presumed to be matters of trial strategy, and [this Court] will not second-guess strategic decisions with the benefit of hindsight." *People v Dunigan*, 299 Mich App 579, 589-590; 831 NW2d 243 (2013). "[T]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004).

Defendant testified at the evidentiary hearing that he told Cole before trial that he was not driving the truck in issue, that Franks was the driver of the vehicle, and that Franks was willing to testify as such. Cole testified that defendant indicated that he "was not driving the vehicle and that it could not be proven" that he was, but that defendant declined to give him the name of the person who was driving, despite Cole's persistence that defendant do so. Cole stated that had defendant provided the name, he would have tried to find the person or requested a private investigator be appointed to find the person.

When presented with conflicting testimony of what occurred during pretrial discussions, "[a]n evaluation of defense counsel's performance depends, in part, on which version of these competing accounts was deemed credible." *People v Marshall*, 298 Mich App 607, 613; 830 NW2d 414 (2012), vacated in part on other grounds 493 Mich 1020 (2013). The court stated that it "accept[ed] as accurate and credible Mr. Cole's assertion that [defendant] refused to tell him who was driving the car" and that it was "satisfied that [defendant] never identified the driver of the car." Deferring " 'to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it,' " *Dendel*, 481 Mich at 130, quoting MCR 2.613(C), we conclude that defendant has failed to show that trial counsel was ineffective with respect to Franks. Simply stated, an attorney's decision not to investigate or call a witness does not fall below an objective standard of reasonableness when the client refuses to make the witness known to the attorney.

## 2. FAILURE TO OBJECT TO STATEMENT IN CLOSING ARGUMENT

Next, defendant claims that defense counsel was ineffective for failing to object to the prosecutor's statement during closing argument that defendant admitted he was the driver of the vehicle. The prosecutor stated, "[t]he defendant was driving the car. The defendant admitted driving the car. That's really the end of it." Prosecutors are given great latitude to argue the evidence and any reasonable inferences that arise from the evidence. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995).

Deputy Wiswasser testified that he spoke to defendant "about his driving and why he was driving in the manner that he was." According to Wiswasser, defendant's response was that "he was just trying to get home." Moreover, the jury viewed the dashboard camera DVD in which defendant states, "you got me." The prosecutor reasonably inferred from these statements that defendant was admitting that he was caught drunk driving as he was trying to drive home. *Bahoda*, 448 Mich at 282. Even if the prosecutor's statement could be considered "improper" or outside of the given latitude, defense counsel's failure to object does not amount to ineffective assistance. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000) ("Trial counsel is not required to advocate a meritless position."). Defense counsel may have decided to stay silent

for a myriad of reasons and this Court should not in hindsight second guess what may have been a reasonable strategic decision. *Dunigan*, 299 Mich App at 589-590.

### 3. FAILURE TO KNOW AND ADVISE DEFENDANT OF BOOT CAMP ELIGIBILITY

Defendant also claims that his counsel at sentencing was ineffective for failing to know and advise him that he was ineligible for boot camp and should therefore request a jail sentence rather than incarceration in prison. See MCL 791.234a(2)(h)(*viii*) (stating habitual offenders are not eligible for placement in a special alternative incarceration unit).

Defendant's attorney at sentencing, Robert Bellgowan, indicated at defendant's sentencing hearing and at the *Ginther* hearing that it was defendant's decision, contrary to Bellgowan's advice, to request prison time instead of jail time, and that defendant's decision was based on the quality of life in prison versus in jail. Bellgowan admitted that at the time of sentencing he did not know if defendant was eligible for boot camp, but he nonetheless raised the possibility before the court. When asked at the motion hearing, "[s]o did he ever say I want to go to prison because I'll get boot camp and I'll be out in six months?" Bellgowan responded, "[n]ot that I recall." Further, Bellgowan was consistent in asserting that the notion of boot camp was not a "significant part" of his discussions with defendant. Thus, again deferring to the court's credibility determinations, defendant has not shown that his possible eligibility for boot camp was a critical factor in his decision-making process.

### 4. FAILURE TO OBJECT TO STATEMENTS IN PSIR

Additionally, defendant claims that his counsel was ineffective at sentencing for failing to object to statements in the PSIR that were not supported by the evidence at trial. Specifically, defendant challenges the following statement:

> Deputy Wisswasser [sic] exited his vehicle and ran to the driver's side of the vehicle when he observed the defendant exiting the vehicle in what appeared to be an attempt to flee. The Deputy ordered the suspect to stop and show his hands. He did so, stating, "You've got me."

He also challenges the statement that defendant "stated that he had been drinking and realized he should not have driven."

At sentencing, Bellgowan told the court that defendant disagrees with the agent's description of the offense in the PSIR. Regarding the agent's description, counsel told the court that defendant had indicated the following:

> He says it's not true. He indicated that his version of the events that the Court read at the beginning of this sentence is an accurate and true representation of what happened. He indicates the gist of what he's saying is he wasn't driving. And I think those are the only corrections I had to the body of the report, Judge.

Wiswasser testified that when the vehicle stopped he thought the driver was going to run, so Wiswasser ran to the car to intercept him. Wiswasser ordered the driver to stop and show his

hands. Defendant states "you got me" in the video recording of the incident. Thus, the first challenged statement in the PSIR is supported by the evidence, and counsel cannot be deemed ineffective for failing to advocate a meritless position. *Snider*, 239 Mich App at 425.

Evidentiary support for the second statement is not found in the record, but information contained in a PSIR is presumed accurate, and it is the defendant's burden to prove otherwise. *People v Grant*, 455 Mich 221, 233-234; 565 NW2d 389 (1997). Moreover, a PSIR is not restricted to evidence admitted during court. *People v Lee*, 391 Mich 618, 639; 218 NW2d 655 (1974). Defendant has not met his burden of proving that this statement is inaccurate, and Bellgowan's decision not to challenge this single statement is reasonable considering his objection to the agent's description of the offense as a whole.

## 5. CUMULATIVE EFFECT OF ERRORS

Finally, defendant argues that the cumulative effect of all of counsel's errors deprived him of the effective assistance of counsel. "The cumulative effect of several errors can constitute sufficient prejudice to warrant reversal even when any one of the errors alone would not merit reversal, but the cumulative effect of the errors must undermine the confidence in the reliability of the verdict before a new trial is granted." *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007). However, because defendant has not shown that either his trial counsel or his sentencing counsel rendered ineffective assistance, no cumulative effect is possible. See *People v Mayhew*, 236 Mich App 112, 128; 600 NW2d 370 (1999).

## B. INSUFFICIENT EVIDENCE

Defendant argues that his OWI 3d conviction should be reversed because there was insufficient evidence that he was the driver of the truck stopped by Wiswasser. This Court reviews an insufficient evidence claim de novo. *People v Parker*, 288 Mich App 500, 504; 795 NW2d 596 (2010).

When reviewing a sufficiency claim, we must view the evidence in the light most favorable to the prosecution and determine whether the evidence "could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *Id.* Circumstantial evidence and reasonable inferences arising from that evidence can sufficiently support each essential element. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). And "a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *Id.* Furthermore, the weight given to evidence is a jury determination with which we will not interfere. *People v McKinney*, 258 Mich App 157, 165; 670 NW2d 254 (2003).

The elements of OWI are:

> (1) [T]he defendant operated a motor vehicle (2) on a highway or other place open to the general public or generally accessible to motor vehicles (3) while under the influence of liquor . . . or with a blood alcohol content of 0.08 grams or more per 100 milliliters of blood.

*People v Hyde*, 285 Mich App 428, 448; 775 NW2d 833 (2009).

Defendant concedes that the second and third elements are met and contends that only the first element is lacking because he was not driving, i.e., that he was not operating a motor vehicle. Defendant claims that the only circumstantial evidence proving he operated the truck was that he "was standing outside the vehicle on the driver's side of the truck." However, given Wiswasser's testimony that there was only one person in the truck, his testimony that defendant admitted to him that he was "trying to get home," and the dashboard camera DVD, a rational juror could reasonably infer that defendant was indeed the driver. While other evidence may provide support for defendant's theory of the case, "the prosecution need not negate every reasonable theory consistent with the defendant's innocence, but need merely introduce evidence sufficient to convince a reasonable jury in the face of whatever contradictory evidence the defendant may provide." *People v Konrad*, 449 Mich 263, 273 n 6; 536 NW2d 517 (1995).

Affirmed.

/s/ Karen M. Fort Hood
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola