*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LARRY JAMES EZERKIS,

        Defendant-Appellant.

UNPUBLISHED
April 16, 2020

No. 346206
Livingston Circuit Court
LC No. 17-024377-FH

Before: CAVANAGH, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1); fourth-degree criminal sexual conduct, MCL 750.520e(1)(b) (sexual contact by the use of force or coercion); and aggravated indecent exposure, MCL 750.335a(2)(b). We affirm.

At trial, the victim testified that defendant exposed his penis to her, fondled both of her breasts, and put his hand down her pants. Aside from defendant and the victim, no one else was present during the alleged incidents. The responding officer was the only other witness who testified at trial.

Defendant first argues that he was deprived of effective assistance of counsel. Whether a defendant has been deprived of effective assistance of counsel is "a mixed question of law and fact[.]" *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A judge must first find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Appellate courts review the trial court's factual findings for clear error, while questions of constitutional law are reviewed de novo. *Id*. Here, the trial court did not hold an evidentiary hearing; therefore, this Court's review is limited to the facts on the existing record. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

> Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective

standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. A defendant must also show that the result that did occur was fundamentally unfair or unreliable. [*People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citations omitted).]

"A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

"The inquiry into whether counsel's performance was reasonable is an objective one and requires the reviewing court to determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). The reviewing court must consider the range of potential reasons counsel may have had for proceeding as he or she did. *Id*. "Defense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). Therefore, there is "a strong presumption of effective assistance of counsel." *Id*.

Defendant argues that his counsel was ineffective because he failed to obtain and admit into evidence police reports that he contends could have been used to undermine the victim's credibility. These police reports are not in the record and, therefore, we refuse to consider them. See *Wilson*, 242 Mich App at 352. Furthermore, although defense counsel has a duty to conduct reasonable investigations or to make a reasonable decision that renders particular investigations unnecessary, *Trakhtenberg*, 493 Mich at 52, "decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy," *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004) (quotation marks, citation, and brackets omitted). Defendant has not demonstrated that defense counsel's failure to obtain and admit into evidence the police reports was outside an objective standard of reasonableness. Defense counsel's decision to not obtain and admit into evidence the police reports at trial is presumed to be trial strategy. Defense counsel could have reasonably determined that the police reports were irrelevant or inadmissible evidence. Further, defendant has not demonstrated how these police reports would have survived challenges to their admissibility. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant also asserts that defense counsel was ineffective because he did not present any witnesses at trial. "[D]ecisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy[.]" *Dixon*, 263 Mich App at 398 (quotation marks, citation, and brackets omitted). "[T]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *Id*. "A substantial defense is one that could have affected the outcome of the trial." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). The record does not indicate that there were any other witnesses to the alleged incidents aside from defendant and the victim, and defendant has not identified any witnesses that counsel failed to present at trial. Defendant also has not provided any affidavits identifying proposed testimony that would have benefited his defense. "It is not enough for an

appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

Defendant also argues that he had no substantial defense because defense counsel failed to conduct a pretrial investigation. "When asserting ineffective assistance of counsel premised on counsel's unpreparedness, a defendant must demonstrate prejudice resulting from the lack of preparation." *People v Bosca*, 310 Mich App 1, 37; 871 NW2d 307 (2015). Defendant's argument has no merit because defense counsel's theory of the case was that defendant did not commit the acts alleged by the victim. Trial counsel exposed the inconsistencies in the victim's prior statements and trial testimony. Trial counsel argued that the only evidence presented by the prosecutor was based on the victim's statement and that the jury should not believe the victim.

Defendant has failed to show that defense counsel's alleged errors fell below "an objective standard of reasonableness under prevailing professional norms[.]" *Lockett*, 295 Mich App 187. Additionally, defendant has not established that defense counsel's performance prejudiced him. Defendant does not articulate the defenses that trial counsel failed to present or how he was prejudiced by defense counsel's failure to raise those defenses.

Next, defendant claims that the prosecutor committed error requiring reversal during closing arguments. "In order to preserve a claim of prosecutorial misconduct for appellate review, a defendant must have timely and specifically objected below, unless objection could not have cured the error." *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011). Defense counsel failed to object to the prosecutor's statements regarding the credibility of the victim during her closing statements. Therefore, this issue is unpreserved.

This Court reviews claims of prosecutorial misconduct "case by case, examining the remarks in context, to determine whether the defendant received a fair and impartial trial." *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001). However, unpreserved issues regarding prosecutorial misconduct are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Requirements for plain error are "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. An error affects substantial rights when "the error affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003). "Further, [this Court] cannot find error requiring reversal where a curative instruction could have alleviated any prejudicial effect." *Id*. at 329-330.

Defendant argues that the prosecutor committed error requiring reversal by vouching for the victim during her closing arguments. In general, prosecutors are given great latitude regarding their conduct and arguments during trial. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). Prosecutors are "free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Id*. (quotation marks, citation, and brackets omitted).

When reviewing closing arguments for prosecutorial error, this Court must examine the prosecutor's remarks as a whole and in context to determine if the defendant received a fair trial. *Id*. at 267. Prosecutors may argue that a defendant's theory of the case should not be believed as long as such argument is based on the evidence. *People v Meissner*, 294 Mich App 438, 457-458; 812 NW2d 37 (2011). "[A] prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). A prosecutor may not vouch for the credibility of his or her own witness by suggesting special knowledge of a witness's truthfulness; however, "the prosecutor may argue from the facts that a witness should be believed." *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009) (quotation marks and citation omitted). Additionally, an improper comment by the prosecutor may not rise to the level of an error requiring reversal if the prosecutor is responding to arguments made by defense counsel. *Watson*, 245 Mich App at 593.

In this case, the prosecutor's comments about the victim's credibility were not plainly erroneous. Considered in context, the prosecutor's comments were properly based on evidence and reasonable inferences from the evidence. Further, arguments regarding the victim's credibility responded to defense counsel's attempt to discredit the victim during cross-examination. The prosecutor was also not implying that she had some special knowledge of the truthfulness of the victim; rather, the prosecutor properly argued that the victim did not have a motive to lie based on the evidence. See *Thomas*, 260 Mich App at 455.

The prosecutor did not commit error because her arguments were based on the evidence and reasonable inferences from the evidence. Moreover, if this Court were to find that the prosecutor erred, defendant cannot establish plain error. No prejudice resulted because the trial court instructed the jury that the attorneys' closing arguments were not evidence. See *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003) ("Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors.").

Defendant also argues that the cumulative effect of the prosecutor's several errors requires reversal. But defendant only argues that the prosecutor improperly vouched for the victim's credibility during closing argument. Defendant has failed to properly address the merits of his assertion; therefore, defendant has abandoned this issue. See *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004) ("An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue.").

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher

-4-