PEOPLE v KELLY

Docket No. 331731. Submitted September 8, 2016, at Grand Rapids. Decided September 22, 2016. Approved for publication November 8, 2016, at 9:00 a.m.

Calvin R. Kelly was charged in the Kalamazoo Circuit Court with kidnapping, MCL 750.349, assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g, and three counts of first-degree criminal sexual conduct, MCL 750.520b, in connection with his alleged sexual assault of the complainant in April 2008. DNA evidence that was collected during the complainant's sexual-assault examination was later determined to match defendant's DNA profile. Defendant did not dispute that the 2008 sexual contact and penetration with the complainant occurred but argued that the encounter was consensual in that the complainant was a prostitute and agreed to the contact and penetration in exchange for compensation. To negate defendant's consent defense, the prosecution sought to introduce other-acts evidence under MRE 404(b) of seven other sexual assaults that had occurred from 1985 through 2010; the assaults occurred in three other states—Missouri, Tennessee, and Virginia. In each of the cases, it was alleged that defendant isolated the victim by either selecting a woman who was alone or driving the selected woman to a more secluded location, forced her to engage in vaginal-penile penetration, used weapons and physical violence to compel her compliance, and did not use a condom, which frequently resulted in the retrieval of DNA evidence. Defendant was linked to four of the other cases through DNA evidence, and he admitted in two other cases that he had sexual contact and penetration with those two victims. Defendant was never tried or convicted of any charges in the seven other cases. Like he did in this case, when he was questioned by the police in several of the other cases, defendant claimed that the sexual interaction had been consensual and disparaged the victim, claiming that the victim was a disgruntled prostitute who had fabricated her claim when he refused to pay for her services. The prosecution moved to admit the other-acts evidence, arguing that it was relevant and admissible for a proper purpose under MRE 404(b) to establish defendant's intent and to demonstrate a common

scheme, plan, or system when committing the other alleged sexual acts. The court, Alexander C. Lipsey, J., denied the prosecution's motion, concluding that the other-acts evidence was not admissible under MRE 404(b) because the acts had not resulted in any convictions and because there was a credibility contest regarding consent between defendant and the other victims. The court did not discuss the probative value of the other-acts evidence in relation to the purposes for which it was offered but determined under MRE 403 that it would be unfairly prejudicial to defendant to admit the evidence because it would require the jury to determine defendant's guilt of the other crimes while determining the same issue in this case. The court granted defendant's motion to stay the proceedings, and the Court of Appeals granted the prosecution's application for leave to appeal the trial court's order.

The Court of Appeals *held*:

1. In general, evidence of other crimes, wrongs, or acts of an individual is not admissible to prove propensity to commit those acts. In this regard, MRE 404(b)(1) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show action in conformity therewith. However, such evidence may be admissible for other purposes, including proof of notice, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

2. When seeking to introduce other-acts evidence, the prosecution must first show that the proffered evidence is relevant to a proper purpose under the nonexclusive MRE 404(b)(1) list or is otherwise probative of a fact other than the defendant's character or criminal propensity. As explained in *People v VanderVliet*, 444 Mich 52 (1993), a trial court may only admit other-acts evidence if it finds that (1) the evidence is offered for a proper purpose under MRE 404(b), (2) the evidence is relevant under MRE 402 as enforced through MRE 104(b), and (3) the probative value of the evidence is not substantially outweighed by unfair prejudice; further, and (4) the trial court may offer a limiting instruction to the jury regarding the proffered evidence if requested. For purposes of MRE 404(b), when considering the relevancy of evidence under MRE 402 and the relevancy is conditioned on fact, a trial court may not weigh credibility or make a finding that the prosecution has proved the conditional fact by a preponderance of the evidence. Instead, the trial court must examine all the evidence

in the case and decide whether a jury could reasonably find the conditional fact by a preponderance of the evidence. Moreover, the trial court must evaluate the testimony of each proposed other-acts witness individually, not as group, to determine whether each witness's individual testimony passes the *VanderVliet* four-factor test and is therefore admissible under MRE 404(b).

3. The trial court abused its discretion by denying the prosecution's motion to admit other-acts testimony under MRE 404(b) because it failed to evaluate the proffered testimony under the *VanderVliet* four-factor test when it denied the motion. Specifically, the trial court failed to determine whether the prosecution offered the evidence for a proper purpose, and it failed to consider the legal relevance of the evidence in light of the asserted proper purpose. For this reason, the trial court did not reasonably engage in the balancing test required by MRE 403 because it never considered the purpose of the proffered evidence or its legal relevance under MRE 404(b). The trial court also erred by considering the credibility of the other-acts witnesses in relation to its relevance and by failing to consider the relevance of the testimony of each other-acts witness individually, rather than viewing those witnesses' testimony as a whole, when denying the prosecution's motion.

Order precluding admission of the other-acts evidence vacated, case remanded for reconsideration regarding the admissibility of the other-acts evidence, and jurisdiction retained by the Court of Appeals.

1. Evidence — Other-Acts Evidence — Admissibility — Relevancy of Evidence — Trial Court May Not Weigh Credibility.

For purposes of MRE 404(b), a trial court may not evaluate the credibility of other-acts witnesses when considering the relevancy of their proposed testimony; a trial court must consider the testimony of each proposed other-acts witness individually, not as group, to determine whether the witness's individual testimony is admissible.

2. Evidence — Other-Acts Evidence — Admissibility — Four-Factor Test.

A trial court may only admit other-acts evidence if it finds that the evidence is offered for a proper purpose under MRE 404(b), it is relevant under MRE 402 as enforced through MRE 104(b), and its probative value is not substantially outweighed by unfair prejudice; upon request, a trial court may provide a limiting instruction.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Matthew Schneider*, Chief Legal Counsel, and *Christopher M. Allen*, Assistant Attorney General, for the people.

*Levine & Levine* (by *Anastase Markou*) for defendant.

Before: MURRAY, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM. In this interlocutory appeal, the prosecution appeals by leave granted[1] the trial court's order denying its motion to admit other-acts evidence. For the reasons explained in this opinion, we vacate the trial court's MRE 404(b) analysis and remand for further proceedings not inconsistent with this opinion.

In the present case, defendant has been charged with kidnapping, MCL 750.349, three counts of first-degree criminal sexual conduct, MCL 750.520b, and assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g. These charges arise from the alleged sexual assault of SH in April 2008. DNA collected during SH's sexual-assault examination matches defendant's DNA profile. Indeed, defendant does not dispute that a sexual encounter with SH occurred on the date in question. Rather, the defense's theory of the case, as set forth in lower court documents, is that SH "did in fact consent to the sexual contact or penetration with" defendant. According to defendant, SH consented to sex that evening as a prostitute in exchange for compensation.

In contrast, according to the prosecution's theory of the case, this 2008 attack on SH is just one of eight

---

[1] *People v Kelly*, unpublished order of the Court of Appeals, entered May 16, 2016 (Docket No. 331731).

sexual assaults committed by defendant. These eight sexual assault cases date from 1985 through 2010 and span four different states—Missouri, Tennessee, Michigan, and Virginia. In each case, it is alleged that defendant isolated the victim by selecting a woman who was alone, by driving the woman to a more secluded location, or both. Once the victim had been isolated, defendant forced her to engage in vaginal-penile penetration. To compel the victims' compliance, defendant used weapons, most commonly a knife, and physical violence, including punching and choking his victims. He did not use a condom and he ejaculated, frequently leaving behind DNA evidence. DNA evidence links defendant to five of these cases, including SH's case; and, in two of the cases without DNA evidence, defendant acknowledged to the police that he had sex with the victims at the times in question. While defendant was interviewed by the police in several of the other cases, he was never brought to trial, and there are no convictions relating to these other cases. If confronted by the police, as in the present case, defendant claimed that the sex was consensual, and he disparaged the victims, typically claiming that the individual victim was a disgruntled prostitute who had fabricated claims of sexual assault after he had refused to pay for her services.

In this case, the prosecution filed a notice of intent under MRE 404(b)(2), indicating that it intended to introduce evidence of defendant's other acts related to those seven other reported sexual assaults. Given the similarities between the other acts and the alleged assault on SH, the prosecution argued that the other-acts evidence was relevant and admissible under MRE 404(b) for proper purposes, namely: to establish defendant's intent and to demonstrate a common scheme,

plan, or system in doing an act.[2] In contrast, defendant took the position that "[r]elevancy means believability," and because the other conduct involved mere "allegations" of sexual assault and the previous victims were not credible, the evidence lacked probative value and amounted to mere propensity evidence. According to defendant, allowing the prosecution to present proof of these other acts would turn the trial into a "sordidly long affair," and any probative value was substantially outweighed by the danger of unfair prejudice.

Ultimately, the trial court ruled in defendant's favor, concluding that the evidence was inadmissible under MRE 404(b). However, when making this ruling, the trial court did not consider whether the prosecution identified a proper purpose for the evidence, and the court failed to address whether the evidence was legally relevant to the proper purposes identified. Instead, the trial court observed that *if* defendant's conduct in relation to the other acts was not criminal, then the other-acts evidence would not be "of any use" in the present case. In this respect, the trial court emphasized that there were no actual convictions related to that conduct and that there was a credibility contest between defendant and the victims in terms of consent. In these circumstances, the trial court concluded that it could not "take a leap" to find that defendant had engaged in a pattern of criminal conduct. Without discussing the evidence's probative value in relation to the prosecution's proper purposes, the trial court nonetheless conducted a balancing test under MRE 403, determining that it would be unfairly

---

[2] In the trial court, the prosecution also initially stated that the evidence was relevant to show defendant's identity and also to establish his motive, but the prosecution does not pursue these arguments on appeal, and we consider them abandoned. See *People v Bosca*, 310 Mich App 1, 48; 871 NW2d 307 (2015).

prejudicial to defendant to require the jury to determine defendant's guilt of the other crimes in addition to the crimes charged in this case, particularly given the age of some of the other acts.

Following the trial court's ruling, the prosecution moved for a stay of proceedings pending an application for leave to appeal. The trial court granted the stay, and the prosecution filed an interlocutory application for leave to appeal, which this Court granted.

On appeal, the sole issue before this Court is whether the trial court abused its discretion by excluding evidence of the seven other instances of alleged criminal sexual conduct by defendant. We conclude that the trial court failed to operate within the MRE 404(b) legal framework and thus abused its discretion. For this reason, we vacate the trial court's MRE 404(b) analysis and remand for reconsideration of this issue.

"The admissibility of other acts evidence is within the trial court's discretion and will be reversed on appeal only when there has been a clear abuse of discretion." *People v Waclawski*, 286 Mich App 634, 669-670; 780 NW2d 321 (2009). A trial court's decision is an abuse of discretion "when it chooses an outcome that is outside the range of reasonable and principled outcomes." *Id.* at 670. "When the decision involves a preliminary question of law, however, such as whether a rule of evidence precludes admission," this Court reviews the question de novo. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). An abuse of discretion may occur when "the trial court operates within an incorrect legal framework." *People v Hine*, 467 Mich 242, 250-251; 650 NW2d 659 (2002).

As a general rule, "evidence of other crimes, wrongs, or acts of an individual is inadmissible to prove a propensity to commit such acts." *People v Crawford*,

458 Mich 376, 383; 582 NW2d 785 (1998). Although such evidence is inadmissible for propensity purposes, it may be admitted for other purposes under MRE 404(b)(1), which states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

A prosecutor seeking to introduce other-acts evidence under this rule "bears an initial burden to show that the proffered evidence is relevant to a proper purpose under the nonexclusive list in MRE 404(b)(1) or is otherwise probative of a fact other than the defendant's character or criminal propensity." *Mardlin*, 487 Mich at 615. More fully, to determine whether other-acts evidence may be admitted under MRE 404(b) requires evaluation under a four-pronged standard.

> First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice; fourth, that the trial court may, upon request, provide a limiting instruction to the jury. [*People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994).]

In this case, the trial court failed to follow this legal framework and thus abused its discretion. See *Hine*, 467 Mich at 250-251. First, the trial court failed to determine whether the prosecution offered the evidence for a proper purpose and failed to consider the legal relevance of the evidence in light of this purpose.

Without considering the evidence's purpose and legal relevance under MRE 404(b), the trial court could not have reasonably engaged in the balancing test required by MRE 403. See *Rock v Crocker*, 499 Mich 247, 258-259; 884 NW2d 227 (2016). On this basis alone, we find it appropriate to vacate the trial court's decision and remand for consideration of the issue within the proper MRE 404(b) framework.

Second, we note also that the trial court appears to have abdicated the necessary relevancy analysis on the basis of impermissible credibility concerns. In other words, the trial court allowed defendant's protestations of "consent" in respect to the other acts to control the MRE 404(b) analysis. This too was improper. See *Mardlin*, 487 Mich at 625 ("Although defendant . . . emphasize[s] that he offered innocent explanations for the past [conduct], his innocent explanations do not control the admissibility analysis.").

For purposes of MRE 404(b), when considering the relevancy of evidence under MRE 402 and the relevancy is conditioned on fact, as enforced through MRE 104(b), "the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." *VanderVliet*, 444 Mich at 68 n 20, quoting *Huddleston v United States*, 485 US 681, 690; 108 S Ct 1496; 99 L Ed 2d 771 (1988). "The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *VanderVliet*, 444 Mich at 68 n 20, quoting *Huddleston*, 485 US at 690.

Defendant does not dispute the occurrence of the other acts of sexual conduct that are at issue in this case. Plainly, there is considerable evidence that the

sexual acts in question occurred and that defendant was the actor.[3] The only issue is whether that conduct was consensual as claimed by defendant or constituted criminal sexual conduct as asserted by the alleged victims. This clearly is a question of credibility, and the trial court should not have dismissed the evidence as being without "any use" merely because there was a credibility dispute.

> [A] jury may generally decide whether a defendant's claim of innocence [regarding other alleged acts of misconduct] . . . is more credible or likely than the prosecution's claim of guilt. The jury is the sole judge of the facts; its role includes listening to testimony, weighing evidence, and making credibility determinations. Indeed, "a basic premise of our judicial system [is that] providing more, rather than less, information will generally assist the jury in discovering the truth." The weight to be given to admitted evidence is left to a properly instructed jury's common sense and judgment. [*Mardlin*, 487 Mich at 626 (second alteration in original).]

Indeed, given defendant's proposed consent defense in this case, defendant's similar protestations of consent in numerous other cases underscores, rather than obviates, the relevancy of the other-acts evidence.[4] See *id*. at 624. See also *People v Oliphant*, 399 Mich 472, 488; 250 NW2d 443 (1976) (concluding that evidence of the defendant's common plan in other alleged assaults

---

[3] Given the trial court's emphasis on the lack of convictions arising from the other acts, we note briefly that under MRE 404(b), the other acts may be uncharged conduct and even conduct for which a defendant was acquitted. See, e.g., *People v Starr*, 457 Mich 490, 499; 577 NW2d 673 (1998); *People v Gibson*, 219 Mich App 530, 533; 557 NW2d 141 (1996).

[4] In other words, employing the doctrine of chances, it strikes us as extraordinarily improbable that eight unrelated women in four different states would fabricate reports of sexual assault after engaging in consensual sex with defendant. See *Mardlin*, 487 Mich at 617.

to make it appear that those victims had consented to sexual assaults was both material and relevant to refute his defense of consent in that case). In short, at this stage of the proceedings, defendant's differing version of events does not mandate exclusion of the other-acts evidence, and by allowing defendant's credibility arguments to control, the trial court failed to conduct the proper relevancy analysis.[5] Cf. *Mardlin*, 487 Mich at 625-626.

In sum, the trial court failed to consider the relevance of the evidence in relation to the purposes for which it was offered under MRE 404(b). Without considering the evidence's legal relevance for a proper purpose, the trial court could not conclude that the evidence's probative value was substantially outweighed by unfair prejudice or any of the other concerns identified in MRE 403.[6] See *Rock*, 499 Mich at 258-259. By failing to follow the proper legal framework, the trial court neglected a fundamental respon-

---

[5] A defendant's claims of innocence may be considered under MRE 403 in balancing prejudice with probative value, *Mardlin*, 487 Mich at 626-627; but, as noted, the first inquiry under MRE 404(b) is relevancy in regard to a proper purpose, and defendant's claims of innocence cannot control this necessary inquiry.

[6] Related to MRE 403, in response to arguments by the prosecution on appeal, we note briefly that on remand the trial court should consider whether all, some, or none of the proposed testimony is admissible. See generally *People v Watkins*, 491 Mich 450, 493 & n 93; 818 NW2d 296 (2012) (holding that in the context of MCL 768.27a and MRE 403, the trial court erred by failing to review each alleged act separately "and instead lumped all of the evidence together"). For example, the trial court repeatedly emphasized the age of some of the acts involved as a reason why the evidence should not be admitted. But this concern does not apply to *all* of the acts in question, some of which occurred more recently than the conduct charged in this case. With regard to the age of some of the conduct at issue, we note also that age is not dispositive because "there is no time limit applicable to the admissibility of other acts evidence . . . ." *People v Yost*, 278 Mich App 341, 405; 749 NW2d 753 (2008).

sibility in its MRE 404(b) evidentiary analysis, and the trial court therefore abused its discretion by excluding the proposed testimony. See *People v Uribe*, 499 Mich 921 (2016). Accordingly, we vacate the trial court's analysis and remand for reconsideration regarding the admission of the other-acts evidence.

Vacated and remanded for further proceedings consistent with this opinion. We retain jurisdiction.

MURRAY, P.J., and HOEKSTRA and BECKERING, JJ., concurred.