*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DARRYL KEITH HARDEN,

      Defendant-Appellant.

UNPUBLISHED
February 14, 2019

No. 340751
Wayne Circuit Court
LC No. 17-001874-01-FC

Before: MURRAY, C.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Defendant appeals of right his jury trial convictions for first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(c) (penetration during the commission of a felony), first-degree home invasion, MCL 750.110a(2), and domestic violence, MCL 750.81(2). Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 25 to 50 years for his CSC-I conviction, 25 to 50 years for his first-degree home invasion conviction, and one to five years for his domestic violence, third offense, conviction, MCL 750.81(5). We affirm.

This case arises out of an incident where defendant broke into the victim's house[1] and sexually penetrated her. The victim testified that defendant had repeatedly called and texted her while she was at work during the day. When she arrived home soon after midnight, her children were already asleep, and she went to bed. The victim was awoken by a loud noise and went downstairs where she encountered defendant climbing in through the dining room window. Defendant demanded sex from her and, despite the victim's protests, he proceeded to put his hand down her pants and insert his fingers into her anal opening. At trial, the trial court granted the prosecution's motion to admit other acts evidence of defendant under MCL 768.27b.

---

[1] Defendant was married to the victim and they jointly owned the house where the crime occurred. However, there was a personal protection order preventing defendant from entering the house.

Defendant contends on appeal that the trial court abused its discretion by admitting evidence of defendant's other domestic assaults perpetrated against the victim and evidence that defendant attempted to dissuade the victim from testifying. He also contends that his trial counsel was ineffective for failing to seek to introduce into evidence a) a video recording showing that an air conditioner unit was not in the window, b) a recording of a phone call in which defendant told the victim that she had made up the charges and the victim did not seem to deny that, and c) the deed to defendant's house which defendant claims only contains his name.

## I. OTHER ACTS EVIDENCE

"The admissibility of other acts evidence is within the trial court's discretion and will be reversed on appeal only when there has been a clear abuse of discretion." *People v Kelly*, 317 Mich App 637, 643; 895 NW2d 230 (2016) (quotation marks and citation omitted). But "whether a rule or statute precludes admission of evidence is a matter of law and is reviewed de novo." *People v Yost*, 278 Mich App 341, 353; 749 NW2d 753 (2008) (quotation marks and citation omitted). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id*.

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the action more or less probable. MRE 401. All relevant evidence is admissible unless it is precluded by the United States Constitution, the 1963 Michigan Constitution, or by rule. MRE 402. Relevant evidence may be excluded if the danger of unfair prejudice substantially outweighs the evidence's probative value. MRE 403.

Evidence of a defendant's other crimes or acts are generally inadmissible under MRE 404(b). However, MCL 768.27b is an exception to MRE 404(b). See *People v Watkins*, 491 Mich 450, 471; 818 NW2d 296 (2012); *People v Cameron*, 291 Mich App 599, 610; 806 NW2d 371 (2011). The statute provides:

> Except as provided in subsection (4) [concerning acts occurring more than 10 years before the charged offense], in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403. [MCL 768.27b(1).]

The statute defines "domestic violence" as an act that is

> (*i*) Causing or attempting to cause physical or mental harm to a family or household member.

> (*ii*) Placing a family or household member in fear of physical or mental harm.

> (*iii*) Causing or attempting to cause a family or household member to engage in involuntary sexual activity by force, threat of force, or duress.

(*iv*) Engaging in activity toward a family or household member that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested.  [MCL 768.27b(5)(a).]

A family or household member includes a spouse.  MCL 768.27(5)(b)(*i*).  Other acts evidence may be admitted as relevant to show a defendant's propensity to commit a crime under MCL 768.27b because " 'a full and complete picture of a defendant's history . . . tend[s] to shed light on the likelihood that a given crime was committed.' "  *Cameron*, 291 Mich App at 610, quoting *People v Pattison*, 276 Mich App 613, 620; 741 NW2d 558 (2007) (alterations in original).  See also *Watkins*, 491 Mich at 470 (recognizing that a defendant's character and propensity to commit the charged offense is highly relevant).

In applying MCL 768.27b(1) to other acts evidence of defendant, we must determine if the admission of the evidence was unfairly prejudicial and then apply the balancing test of MRE 403.  *Cameron*, 291 Mich App at 611.  Unfair prejudice "refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock."  *Id*. (quotation marks and citations omitted).  Admission of evidence is unfairly prejudicial when marginally probative evidence is given preemptive or undue weight or the evidence gives rise to an undue tendency by the jury to decide the case on an improper basis.  *People v Vasher*, 449 Mich 494, 501; 537 NW2d 168 (1995); *Cameron*, 291 Mich App at 611.  The prosecution does not need to use the least prejudicial evidence possible in presenting its case.  *Cameron*, 291 Mich at 611.

The other acts of domestic violence perpetrated by defendant in 2016, 2014, 2013, and 2012 were admissible under MCL 768.27b(1).  Those four instances are acts of domestic violence under MCL 768.27b because, in each instance, defendant physically harmed the victim.  The victim was defendant's wife.  Those acts may be admitted to show defendant's propensity to harm the victim because defendant's propensity to commit domestic violence is relevant to a determination of the action.  *Cameron*, 291 Mich App at 610.  Therefore, the evidence was admissible under MCL 768.27b unless it was precluded by MRE 403.

The admission of other acts of domestic violence perpetrated by defendant is certainly prejudicial to defendant because several of those acts of domestic violence are similar to the current charged offense.  However, the trial court instructed the jury that it may only convict defendant on the evidence presented, not on the other instances of domestic violence.  That instruction minimized the prejudicial effect of the other acts evidence because it mitigated the possibility that the jury would give preemptive or undue weight to the other acts evidence.  Additionally, the prosecution provided sufficient evidence, outside of the other acts evidence, which would have allowed the jury to convict defendant.  The jury had a proper basis on which it could convict defendant outside of the other acts evidence.  *Vasher*, 449 Mich at 501.  Therefore, the admission of other acts of defendant's domestic assaults did not unfairly prejudice defendant.

In applying the balancing test of MRE 403, the trial court properly concluded that the danger of unfair prejudice did not substantially outweigh the probative value of the other acts evidence of defendant's domestic assaults.  The other instances of domestic violence perpetrated by defendant corroborated the victim's testimony and enhanced her credibility.  Those other instances showed that defendant had a propensity to assault the victim when he was inebriated or

when the victim refused to have sex with defendant. The instances give a "full and complete picture of [] defendant's history" and showed that defendant had a propensity to assault the victim. Thus, the evidence was "highly relevant." See *Watkins*, 491 Mich at 470; *Cameron*, 291 Mich App at 612. As a result, the danger of undue prejudice did not substantially outweigh the evidence's probative value. Therefore, the trial court did not abuse its discretion by admitting evidence of defendant's domestic assaults perpetrated against the victim.

Additionally, the trial court admitted other acts evidence of defendant's attempts to dissuade the victim from testifying against defendant. A defendant's effort to influence an adverse witness is generally admissible as substantive evidence as it is conduct that may demonstrate consciousness of guilt. *People v Sholl*, 453 Mich 730, 740; 556 NW2d 851 (1996); *People v Schaw*, 288 Mich App 231, 237; 791 NW2d 743 (2010). MRE 404(b) is not implicated if the evidence is logically relevant to a fact in issue and the evidence does not involve the "intermediate inference of character." *People v VanderVliet*, 444 Mich 52, 64; 508 NW2d 114 (1993), amended on other grounds 445 Mich 1205 (1994). A threatening remark may in some instances merely reflect the exasperation of an innocent person accused of a crime, but it is for the jury to determine the significance of the threat in conjunction with the other testimony produced in the case. *Sholl*, 453 Mich at 740.

Defendant's attempts to dissuade the victim from testifying are admissible as substantive evidence under *Sholl* and *Schaw*. Defendant's statements are relevant to defendant's consciousness of guilt, a fact at issue, and do not involve an inference of character. In applying the balancing test of MRE 403, it is clear that defendant's statements were part of a concerted effort to manipulate the victim into lying to the authorities prosecuting defendant. Defendant contacted the victim both in November 2016 and prior to trial in this case to attempt to dissuade her from testifying. Defendant also had other people contact the victim. Because of the volume of the calls and the number of attempts that defendant made, the statements were highly probative of defendant's consciousness of guilt. The statements also served to enhance the victim's credibility and weaken defendant's credibility because they demonstrate that defendant knew that the victim's testimony would have an adverse impact on him.

Additionally, in light of the victim's testimony, corroborated by other witnesses, we have little concern that the jury convicted defendant because it gave undue or preemptive weight to defendant's attempts to dissuade the victim from testifying. The trial court also instructed the jury that it may consider those attempts in determining defendant's guilt, but only if it first found that defendant had made an attempt to dissuade the victim from testifying. That instruction mitigated the possibility of undue prejudice. Therefore, the trial court correctly concluded that the possibility of undue prejudice did not substantially outweigh the evidence's probative value, and no abuse of discretion occurred by admitting evidence of defendant's attempts to dissuade the victim from testifying against him.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

A defendant preserves the issue of ineffective assistance of counsel by moving in the trial court for a new trial or by requesting an evidentiary hearing on the issue pursuant to *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973). *People v Foster*, 319 Mich App 365,

390; 901 NW2d 127 (2017). Defendant neither moved for a new trial nor requested a *Ginther* hearing before the trial court. Therefore, this issue is unpreserved.

"The determination whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). While an appellate court reviews the trial court's constitutional determinations de novo, the court's factual determinations are reviewed for clear error. *Id*. A factual determination is clearly erroneous if the appellate court is "left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). If an issue is unpreserved and no *Ginther* hearing is held, "review is limited to errors apparent on the record." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). To support a conclusion that defendant's trial counsel was ineffective, a defendant must "show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994); see also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

"Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). A particular trial strategy does not rise to the level of ineffective assistance of counsel for the sole reason that it did not work. *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004). A defendant must overcome "a strong presumption that the assistance of his counsel was sound trial strategy[.]" *Davis*, 250 Mich App at 368. The failure to call witnesses or present evidence "only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (quotation marks and citation omitted).

Defendant's trial counsel was not ineffective for failing to offer the video recording, because defense counsel did attempt to offer the video into evidence, but the trial court precluded defense counsel from doing so. Additionally, defendant testified that the air conditioner unit was not in the window, thereby attempting to establish the same evidence as on the video recording. Therefore, defendant was not deprived of a substantial defense.

Nor was defendant's trial counsel ineffective for not offering evidence of the phone call that allegedly occurred between defendant and the victim. First, there is no evidence on the record of the contents of the phone call or the reason why defendant's trial counsel failed to offer it. Second, even when taking defendant's contentions as true, defendant was not deprived of a substantial defense, as the evidence would only have had a marginal effect on the victim's credibility. The circumstances of the phone call are unknown, and there are several reasons why the victim could have responded in the way that she did. The victim's lack of response to defendant's alleged statement on the call is not an acknowledgement that she made up the story.

Without knowing the context behind the phone call or the contents of the phone call, defendant has not overcome the presumption that counsel was effective.

Finally, defendant's trial counsel was not ineffective for failing to offer the deed to defendant's house into evidence. First, the record contains no evidence of the contents of the deed other than conflicting testimony between defendant and the victim. Second, the fact that defendant owns the house is immaterial to whether defendant could legally visit the house due to the personal protection order that the victim had against defendant. Finally, failure to introduce the deed did not deprive defendant of a substantial defense. If the deed had been admitted and defendant was correct that the victim's name was not listed on the deed, it would only have affected the victim's credibility as a witness. The ownership of defendant's house was a collateral issue at trial because, even if defendant was the sole legal owner of the house, defendant could not legally enter the home because of the PPO. Any inconsistency in the victim's testimony would not have substantially impacted the victim's credibility or changed the outcome of the trial.

Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan