*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

JEFFREY LEE SMITH,

        Defendant-Appellee.

UNPUBLISHED
January 19, 2023

No. 362367
Lapeer Circuit Court
LC No. 20-013857-FC

Before: HOOD, P.J., and CAMERON and GARRETT, JJ.

PER CURIAM.

In this interlocutory appeal, the prosecution appeals by leave granted[1] the order denying its motion to admit other-acts evidence under MRE 404(b). We reverse in part, and remand for entry of an order consistent with this opinion.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from a December 30, 2019 shooting at a gas station in Lapeer, Michigan. Defendant was leaving the gas station, but his vehicle was blocking the exit such that other vehicles could not enter the gas station parking lot. As the victim attempted to enter the parking lot, he had to drive his vehicle over the curb to avoid hitting defendant's vehicle. Defendant and the victim then got into a verbal altercation. Defendant eventually left the gas station, only to return shortly thereafter. The victim pulled his vehicle alongside defendant's vehicle. The victim opened defendant's passenger door, swinging a crow bar at defendant. Defendant shot the victim twice and the victim died from those injuries.

Defendant was charged with a number of offenses, including open murder, MCL 750.316. The prosecution moved to admit several of defendant's earlier social media statements. According to the prosecution, these statements were admissible under MRE 404(b) because they were

---

[1] *People v Smith*, unpublished order of the Court of Appeals, entered September 23, 2022 (Docket No. 362367).

indicative of "defendant's motive, preparation, and intent" to harm someone at a gas station and they were necessary to "rebut defendant's anticipated claim of self-defense." The trial court denied the motion, finding the statements were irrelevant to the theory of self-defense. This appeal followed.

## II. STANDARD OF REVIEW

"A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion." *People v Thorpe*, 504 Mich 230, 251; 934 NW2d 693 (2019). "The decision to admit evidence is within the trial court's discretion and will not be disturbed unless that decision falls outside the range of principled outcomes." *Id*. (quotation marks and citation omitted). "An abuse of discretion may occur when the trial court operates within an incorrect legal framework." *People v Kelly*, 317 Mich App 637, 643; 895 NW2d 230 (2016) (quotation marks and citation omitted). However, this Court reviews de novo "whether a rule of evidence precludes admission." *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010).

Further, this Court applies the rules of evidence "according to the principles of statutory interpretation." *People v Snyder*, 301 Mich App 99, 104; 835 NW2d 608 (2013). "[I]f the plain language of a rule of evidence is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation." *Id*. at 104-105 (quotation marks and citation omitted).

## III. LAW AND ANALYSIS

The prosecution argues the trial court erred when it denied the motion to admit the social media statements. We agree in part and disagree in part.

The prosecution moved to admit three statements recovered from a search of defendant's social media.[2] Two of the statements concerned an incident in Imlay City, Michigan (the "Imlay City statements"). One stated:

> I had a monkey pop off at the mouth to me one day in Imlay City I go hey f*ck u n*gger so he kept running his mouth I go your kind ant welcome here monkey he still kept running his mouth I go get your a** moving j*ggaboo he is lucky he did not get out of that truck I had a .45 in the console and mama has a .38 Smith in the glove box lol

The other Imlay City statement was a photo with a caption. The caption provided:

The box for her 38s

> I don't f*ck around I want to make sure I dropping a n*gger dead if the attack me or my family one about ate a pre band ranger a year or 2 ago in a 18

---

[2] The statements contained a number of spelling and grammatical errors. Except for profanity and racial epithets, we quote the statements in their original form.

started running his mouth aggressively to me in Imly city with my kids in the car he is lucky he stayed in the truck the way he was acting he would of ate a 45 auto if he would of approached my impala

I straight out told him f*ck off n*gger get the f*ck out of here j*ggaboo

To his face

He picked the wrong car to f*ck with 2 adults inside armed with a 38 45 ar10and a gauge[.]

The prosecution also moved to admit a third statement from November 9, 2019 (the "November 9 statement"). It read:

Mama's not mine I have her sh*t over it too I go no self respecting gun owner would own a pink smith she goes my gun f*ck off lol

Nice pocket gun for gas stations and that thinking about buying myself one

She goes if I ever have to use it will it get the job done I go I guarantee u Barry that little f*cker in a n*ggers chest and empty all 5 rounds in them they will not get back up I go a 38 is a great caliber I ho the cops used them for years and there great lady's guns a lot of lady's like 38s

Expecaly with them pdx1 defenders I have it loaded up with I shot 1 into some water jugs for her and showed her what they do her mouth hit the ground

The prosecution moved to admit these statements as other-acts evidence under MRE 404(b). As an initial matter, we must determine whether the statements could be classified as "other-acts evidence" under this court rule. MRE 404(b)(1) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

The Imlay City statements are other-acts evidence because they describe a specific incident involving defendant's confrontation with another individual at a gas station. By contrast, the November 9 statement does not describe any specific "crime[], wrong[], or act[]." Thus, the November 9 statement is not admissible as other-acts evidence under MRE 404(b), and the prosecution did not move to admit this statement under any other rule of evidence. See *People v Goddard*, 429 Mich 505, 514-515; 418 NW2d 881 (1988) ("A statement of general intent is not a prior act for purposes of MRE 404(b)."). Although the trial court denied the prosecution's motion to admit the November 9 statement on the basis of MRE 404(b), "[t]his Court will not reverse

where a lower court reaches the right result for the wrong reason." *People v Hawkins*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357068); slip op at 19.

The next issue is whether the Imlay City statements are admissible under MRE 404(b). The prosecutor " 'bears an initial burden to show that the proffered evidence is relevant to a proper purpose under the nonexclusive list in MRE 404(b)(1) or is otherwise probative of a fact other than the defendant's character or criminal propensity.' " *Kelly*, 317 Mich App at 644, quoting *Mardlin*, 487 Mich at 615. In evaluating a proponent's motion to admit other-acts evidence, a trial court must follow the *VanderVliet*[3] approach, which holds:

> First, the prosecutor must offer the prior bad acts evidence under something other than a character or propensity theory. Second, the evidence must be relevant under MRE 402, as enforced through MRE 104(b). Third, the probative value of the evidence must not be substantially outweighed by unfair prejudice under MRE 403. Finally, the trial court, upon request, may provide a limiting instruction under MRE 105. [*People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004) (quotation marks and citation omitted).]

This issue concerns relevance, the second factor of the *VanderVliet* test. Our Supreme Court explained that this factor requires logical relevance, which is "the 'touchstone' of the admissibility of other-acts evidence." *People v Denson*, 500 Mich 385, 401; 902 NW2d 306 (2017) (citation omitted). "Other-acts evidence is logically relevant if two components are present: materiality and probative value." *Id*. "Materiality is the requirement that the other-acts evidence be related to any fact that is of consequence to the action." *Id*. (quotation marks and citation omitted). "Evidence is probative if it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id*. at 401-402. (quotation marks and citation omitted).

As noted, defendant was charged with open murder, which encompasses both first- and second-degree murder. MCL 750.318. "The elements of first-degree murder are (1) the intentional killing of a human (2) with premeditation and deliberation." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). "The elements of second-degree murder are (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse." *People v Werner*, 254 Mich App 528, 531; 659 NW2d 688 (2002). Further, it is undisputed defendant planned to offer a theory of self-defense. Self-defense generally means:

> [T]he killing of another person in self-defense by one who is free from fault is justifiable homicide if, under all the circumstances, he honestly and reasonably believes that he is in imminent danger of death or great bodily harm and that it is necessary for him to exercise deadly force. [*People v Riddle*, 467 Mich 116, 119; 649 NW2d 30 (2002).]

---

[3] *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), amended 445 Mich 1205; 520 NW2d 338 (1994).

With regard to materiality, the relevant issues are defendant's intent or whether defendant's actions were objectively necessary to mitigate the threat posed by the victim. The prosecution argues on appeal that defendant's actions were not borne from an objective need to protect himself, but rather from defendant's desire to "indulge a violent fantasy." We agree with the prosecution that the Imlay City statements are material to the theory of self-defense. For example, defendant's claim that the other individual was "lucky he stayed in the truck the way he was acting he would of ate a 45 auto if he would of approached my impala," is indictive of whether defendant was legitimately acting in self-defense or whether he had planned to use deadly force against anyone who approached his vehicle during a verbal confrontation.

The Imlay City statements are also probative because they make it more probable than not that defendant intended to harm someone at a gas station. Defendant argues on appeal that his statements were not probative because "[t]he self-defense theory looks to a defendant's state of mind at the time of the incident, not months before the incident." However, the fact that the Imlay City statements were made only a few months before the shooting speaks to the weight the fact-finder affords the evidence, not its admissibility. Indeed, defendant's statement that the other individual was "lucky he didn't get out of that truck I had a .45 in the console and mama has a .38 Smith in the glove box" makes it more probable than not that he intended to shoot someone at a gas station.

In sum, the November 9 statement is not admissible as other-acts evidence under MRE 404(b). The Imlay City statements were both material and probative. Therefore, the Imlay City statements were relevant under the second *VanderVliet* factor and the trial court erred when it concluded otherwise. Accordingly, we remand this case to the trial court for consideration of whether the Imlay City statements satisfy the other three *VanderVliet* factors—proper purpose, probative value in relation to unfair prejudice, and limiting instructions.

Reversed in part and remanded for an order consistent with this analysis. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett